**Bassim Rajeh IBRIK; Blanca Cavazos, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 96–60880.

United States Court of Appeals, Fifth Circuit.

March 13, 1997.

Simon M. Azar–Farr, Azar–Farr & Greenblum, San Antonio, TX, for Petitioners.

Donald Anthony Couvillon, Karen Fletcher Torstenson, Tina Potuto, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., Janet Reno, Office of the United States Attorney General, Civil Division, Appellate Staff, Washington, D.C., Robert L. Bombough, Director, Office of Immigration Litigation, Civil Division, Washington, D.C., John B.Z. Caplinger, Director, Immigration and Naturalization Service, New Orleans, LA, Daniel F. Solis, Immigration and Naturalization Service, District Directors Office, San Antonio, TX, for Respondent.

Before KING, JOLLY and DENNIS, Circuit Judges.

BY THE COURT:

The petitioners appeal from a final order of deportation entered by the Board of Immi-

gration Appeals (the "BIA") on November 18, 1996. The petition for review was filed on December 27, 1996. The INS has moved to dismiss for untimeliness. The motion must be granted.

■ The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") shortens the period of time previously allowed for certain appeals from BIA decisions from ninety days to thirty days, including appeals from final orders of deportation. Pub.L. 104–208, 110 Stat. 3009 (1996). However, although the IIRIRA was enacted on September 30, 1996, the statute generally provides that its provisions do not take effect until April 1, 1997. *See* IIRIRA § 309(a). Furthermore, the IIRIRA provides for transitional standards to be used during the period between the date of enactment and the effective date. IIRIRA § 309(c). First, the IIRIRA provides that "[s]ubject to the succeeding provisions of this subsection, in the case of an alien who is in exclusion or deportation proceedings as of the title III–A effective date [April 1, 1997]—(A) the amendments made by this subtitle shall not apply, and (B) the proceedings (including judicial review thereof) shall continue to be conducted without regard to such amendments." IIRIRA § 309(c)(1). Yet later in the same section setting out the transitional rules, in a subsection entitled "Transitional Changes in Judicial Review," the IIRIRA excepts from the former and longer appeals period, aliens who are subject to "a final order of exclusion or deportation ... entered more than 30 days after the date of the enactment of this Act." *See* IIRIRA § 309(c)(4). Specifically, the IIRIRA states that such aliens, which include the petitioners, must petition for judicial review of the order "not later than 30 days after the date of the final order of exclusion or deportation." IIRIRA § 309(c)(4)(C). Thus, this transitional provision creates an exception to section 309(c)(1) for appeals from final orders of exclusion or deportation entered between October 31, 1996 and April 1, 1997.

■ The petitioners argue that the order of the BIA is merely dated November 18, 1996, and that there is no evidence in the record to support a finding that the order was actually entered on that date. The petitioners argue that, as a result, there is no means of determining when the appeal period began to run on their claim. This argument is without merit, as the record contains a letter of the said date addressed to petitioner's counsel of record advising counsel of the BIA's decision. *See Karimian–Kaklaki v. INS*, 997 F.2d 108, 110 (5th Cir.1993) (holding that appeals period "begins to run when the BIA complies with the terms of federal regulations by mailing its decision to petitioner[s'] address of record" and that letter to counsel satisfied regulation). Additionally, the petitioners contend that the BIA order does not constitute a final order of deportation because the order designates a thirty day period for voluntary departure before deportation will occur. This order is essentially identical to the order at issue in *Karimian–Kaklaki* and is a final order of deportation for purposes of determining the appeals period. *See Karimian–Kaklaki*, 997 F.2d at 112 (holding that "[t]he privilege of voluntary departure granted to petitioners is irrelevant to the finality (and thus appealability) of the BIA order") (citing *Foti v. INS*, 375 U.S. 217, 219 n. 1, 11 L.Ed.2d 281 84 S.Ct. 306, 308 n. 1 (1963)). Moreover, the applicable regulation provides that "[a]n order of deportation, including an alternate order of deportation coupled with an order of voluntary departure ... shall become final upon dismissal of an appeal by the Board of Immigration Appeals." *Karimian–Kaklaki*, 997 F.2d at 112 (citing 8 C.F.R. § 243.1 (1993)).

The order appealed from in the present case is dated November 18, 1996, within the period governed by section 309(c)(4)(C). The thirty-day period for appeal began running on that date, and the petition for review was not filed until thirty-nine days later. Thus, the petition is untimely and is therefore

DISMISSED.