UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60118
Summary Calendar
_____

JOSE PAEZ-KELLY; JUAN ANTONIO PAEZ-KELLY,

Petitioners,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A29-493-610; A29-493-609

March 6, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jose Paez-Kelly and Juan Antonio Paez-Kelly (the "Paezes") have filed a petition for review

of a Bureau of Immigration (BIA) order of exclusion. The Immigration and Naturalization Service

(INS) has moved to dismiss the case for lack of jurisdiction. For the reasons set forth below, we

grant the government's motion and dismiss the Paezes' petition for lack of jurisdiction.

The Paezes are citizens of Panama. On February 11, 1993, an Immigration Judge ("IJ")

granted their request for political asylum in the United States. The INS appealed the IJ's decision

to the BIA, and on November 30, 1998, the BIA issued a final order of exclusion which reversed the

IJ's decision. The Paezes filed this petition for review of the BIA order on February 24, 1999, just

shy of ninety days after the BIA rendered its decision.

On appeal, the INS argues that the Paezes' petition for review should be dismissed as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

untimely because it was filed more than thirty days after the final BIA order. The Paezes' contend that their petition was timely. The timeliness of the Paezes' petition depends upon whether this case is governed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), the pre-IIRIRA rules, or the "transitional rules" which the IIRIRA makes applicable to certain cases that were pending before its enactment date but decided afterwards. *See Lerma de Garcia v. INS*, 141 F.3d 215, 216 (5th Cir. 1998).

IIRIRA changed the period in which a petitioner could seek judicial review of a final order of deportation from ninety days to thirty days. *Compare* 8 U.S.C. § 1252(b)(1) (deadline for seeking judicial review 30 days from final order of deportation) *with* 8 U.S.C. § 1105(a)(1) (repealed 1996) (deadline for seeking judicial review was 90 days from final BIA order). Under § 309(c)(1) of IIRIRA, the new IIRIRA provisions do not apply to aliens who were "in exclusion or deportation proceedings" as of April 1, 1997. IIRIRA § 309(c)(4), however, provides that certain specifically-enumerated transitional rules are applicable to pending cases when the case (1) was in proceedings prior to April 1, 1997, but (2) the final order of exclusion or deportation was entered more than 30 days after the September 30, 1996 enactment of IIRIRA. Among the amendments applicable to such pending cases is § 309(c)(4)(C), which requires that "the petition for judicial review must be filed not later than thirty days after the date of the final order of exclusion or deportation." IIRIRA § 309(c)(4)(C).

This case appears to fall squarely within § 309(c)(4). It is uncontested that the case was pending prior to April 1, 1997; the BIA's final order issued on November 30, 1998, more than thirty days after the enactment date. Accordingly, under the explicit language of § 309(c)(4), the thirty-day deadline for filing a petition for review, required by § 309(c)(4)(C), applies to this case. *See Requena-Rodriguez v. Pasquarell*, 190 F.3d 299 (5th Cir. 1999); *Lerma de Garcia v. INS*, 141 F.3d 215, 216 (5th Cir. 1998) (stating that IIRIRA's provisional standards apply to deportees "whose deportation proceedings commence before IIRIRA's general effective date of April 1, 1997, and conclude more than thirty days after its passage on September 30, 1996").

Relying upon language in *Ibrik v. INS*, 108 F.3d 596, 597 (5th Cir. 1997), the Paezes reason that a case that was proceeding before IIRIRA's effective date but which had a final order issued after April 1, 1997 is not governed by § 309(c)(4) but rather by § 309(c)(1), which requires that pre-IIRIRA law be applied. This contention is unpersuasive. In *Ibrik*, we determined that the transitional rules applied to a case in which the BIA's final order issued in November 1996. *See Ibrik*, 108 F.3d at 596-97. In doing so, we stated that § 309(c)(4)(C) "creates an exception to section 309(c)(1) for appeals from final orders of exclusion or deportation entered between October 31, 1996 and April 1, 1997." However, in *Ibrik*, we were not faced with—and therefore did not consider—the question of which rules apply to an alien whose final order was issued after April 1, 1997. The Paezes incorrectly extract such a broad principle from that case. Rather, the clear language of § 309(c)(1) and our later cases hold that the transitional rules do in fact govern cases in which the final BIA decision was issued after April 1, 1997, as long as the case was pending on that date. *See, e.g., Requena-Rodriguez*, 190 F.3d at 302-03 (finding that a case that commenced prior to enactment of IIRIRA but in which final judgment was entered in August 1997 "fell squarely" within the transitional rules).[1]

Accordingly, we find that IIRIRA's transitional rules, including the thirty-day period in which to file a petition for judicial review under § 309(c)(4)(C), apply to this case. Consequently, the Paezes' petition for review, filed more than eighty days after the BIA rendered its final order, is untimely. A timely petition for review is a jurisdictional requirement, and the lack thereof deprives this court of jurisdiction to review the decision of the BIA. *See Karimian-Kaklaki v. INS*, 997 F.2d 108, 111 (5th Cir. 1993).

For the reasons set forth above, the government's motion to dismiss is GRANTED, and the

---

[1] Even if we were to find that under *Ibrik,* the transitional rules apply only to cases that became final during a narrow window of time which concluded on April 1, 1997, *Ibrik* does not provide that after the close of this "window," cases should be governed by the pre-IIRIRA rules. The Paezes fail to cite any case supporting such a proposition. If anything, *Ibrik* implies that when the transitional rules were no longer applicable, the new IIRIRA rules would take effect. As noted above, the Paezes' petition would be untimely under the thirty-day filing deadline set forth in the permanent IIRIRA rules.

petition is DISMISSED for lack of jurisdiction.