United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 14, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-60553
Summary Calendar

_____

TIGISTU WORKINEH,

Petitioner,

versus

BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A29574121 )

_____

Before REAVLEY, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Petitioner Tigistu Workineh came to the United States from Ethiopia in 1989.

Shortly after arriving here he learned that several of his political associates had been

arrested and executed following a failed coup attempt on the Ethiopian government.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Workineh immediately thereafter applied for asylum. In 1991, the government allegedly responsible for the execution of his associates was deposed. On this basis the immigration judge ("IJ") concluded that Workineh no longer had a well-founded fear of persecution and denied his request for asylum. Some eight years later the Board of Immigration Appeals ("BIA") affirmed, and three months after that Workineh moved to reopen deportation proceedings. The BIA denied that motion, from which Workineh made a timely appeal to this court. For the reasons that follow, we deny the petition for review.

1.    This case is governed by the transitional rules to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009, 3546-3724 (Sept. 30, 1996). Under § 309(c)(1) of the IIRIRA, any deportation proceeding initiated before April 1, 1997, and in which a final order of deportation or exclusion was entered after October 30, 1996, is governed by the transitional rules. These rules require, among other things, that a petition for review of a final order of deportation or exclusion be filed not later than 30 days of the date of the order. See IIRIRA § 309(c)(4)(C); Ibrik v. INS, 108 F.3d 596, 597 (5th Cir. 1997) (per curiam). Because Workineh's petition was filed more than 30 days after the date of the order, we do not have jurisdiction to review the final order of deportation. See id. However, Workineh did make a timely petition for review of the BIA's refusal to reopen deportation proceedings. We therefore have jurisdiction to review the BIA's refusal to reopen, see Lara v. Trominski, 216 F.3d 487, 495 n.10 (5th Cir. 2000), although our

2

scope of review is extremely narrow: we utilize a highly deferential "abuse of discretion" standard, see id. at 496.

2.    We note that the BIA construed Workineh's motion to reopen as both a motion to reopen and a motion to reconsider. This the BIA has discretion to do. See 8 C.F.R. § 3.2(a) (2002). However, the BIA's decision to entertain a motion to reconsider the final deportation order--or, in this case, to construe a motion to reopen as a motion to reconsider--does not affect this court's jurisdiction to review that same order. The Supreme Court has held that the filing of a motion to reconsider does not render the BIA's order of deportation non-final for purposes of judicial review. See Stone v. INS, 514 U.S. 386, 394 (1995). Likewise, the BIA's discretionary decision to revisit its order of deportation does not renew or extend the period to seek review of that order. Being that the time to seek judicial review of the final order of deportation had expired, to the extent Workineh's motion requested reconsideration of that order this court does not have jurisdiction to review it.[1]

3.    Workineh argues that he is still at risk of persecution by the new government, and he submitted evidence to this effect in the initial deportation proceedings, which the BIA acknowledged. Workineh claims that "a great deal more" is

---

[1]    Workineh devotes the bulk of his brief to the question whether the BIA erroneously charged him with proving a well-founded fear of persecution, rather than requiring the Attorney General to negate Workineh's presumption of having a well-founded fear of persecution arising from past persecution. This argument goes to the merits of the BIA's decision. For the reasons stated above, we do not have jurisdiction to review it.

3

known about the new government since the BIA affirmed the decision of the IJ. Along with his motion to reopen, Workineh submitted media accounts and other background information about Ethiopia, all of which tend to support his claim that persons of his ethnicity or political views remain at risk of persecution. However, this material was cumulative to that which was offered before. Accordingly, the BIA did not abuse its discretion in refusing to reopen proceedings on the basis of Workineh's new evidence.

4. Also included in Workineh's motion to reopen was a request that the BIA extend the period for voluntary departure. The IJ afforded Workineh 90 days to leave the United States, and the BIA extended that period another 30 days following its affirmance of the IJ's decision. In denying the motion to reopen, the BIA concluded that it did not have the power to order a further extension. The BIA was correct: if the IJ provided more than 30 days for voluntary departure, the alien is to be only given an additional 30 days to depart following entry of the BIA's decision. See Matter of Chouliaris, 16 I. & N. Dec. 168, 170 (BIA 1977). Further extension of the period for voluntary departure is left to the discretion of the district director of the Immigration and Naturalization Service. See Shaar v. INS, 141 F.3d 953, 958 (9th Cir. 1998) (citing 8 C.F.R. § 244.2). Workineh never petitioned the district director for such an extension.

The petition for review is DENIED.