United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60591
Summary Calendar

JOSE MARIA SALVADOR-REYES,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A29 766 843
---------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

Jose Maria Salvador-Reyes (Reyes) petitions for review of
the Board of Immigration Appeals's (BIA) March 17, 2004, decision
dismissing the appeal from the denial of his motion to reopen a
1990 in absentia order of deportation.  The BIA denied Reyes's
motion for reconsideration of this decision on June 8, 2004.
Reyes filed his petition for review on July 7, 2004.

We are required to examine jurisdiction sua sponte if
necessary.  See Williams v. Chater, 87 F.3d 702, 704 (5th Cir.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1996). Reyes had 30 days to file a timely petition for review from the BIA's decision. See Navarro-Miranda v. Ashcroft, 330 F.3d 672, 676 (5th Cir. 2003); Ibrik v. INS, 108 F.3d 596, 597 (5th Cir. 1997). The BIA's denial of an appeal and its denial of a motion to reconsider are two separate final orders, each of which requires its own petition for review. See Stone v. INS, 514 U.S. 386, 394, 401-02, 405-06 (1995). Because Reyes did not file a petition for review of the BIA's dismissal of his appeal of the denial of his motion to reopen until more than three months after this decision, his petition for review is not timely as to the March 17, 2004 decision. Accordingly, this court lacks jurisdiction to review this decision, and the petition to review it is DISMISSED. See Karimian-Kaklaki v. INS, 997 F.2d 108, 111 (5th Cir. 1993).

Although Reyes's petition for review is timely as to the BIA's denial of his motion for reconsideration, he has not made any arguments regarding this decision. Therefore, he has abandoned any challenge to the denial of his motion for reconsideration, and, to the extent that his petition for review may be construed as extending to that decision, it is DENIED. See Al-Ra'id v. Ingle, 69 F.3d 28, 33 (5th Cir. 1995).