**Sam Baba OUEDRAOGO, Petitioner,**

**v.**

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 87–4596**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 1, 1989.

Sam Baba Ouedraogo, Somerset, N.J., pro se.

Alison R. Drucker, Robert L. Bombough, Dir., Office of Imm. Lit., Civil Div., Madelyn E. Johnson, Atty., Joan E. Smiley, Atty., Richard M. Evans, Washington, D.C., for I.N.S.

John B.Z. Caplinger, Acting Dist. Dir., I.N.S., New Orleans, La., Omer G. Sewell, D.D., I.N.S., Harlingen, Tex., for other interested parties.

Before RUBIN, GARWOOD and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Petitioner Sam Baba Ouedraogo seeks review of a Board of Immigration Appeals (BIA) order denying him voluntary departure. The immigration judge denied petitioner's motion for voluntary departure based on a prior conviction for prostitution. Because Ouedraogo's prostitution conviction has since been dismissed, we remand for further consideration of Ouedraogo's petition for voluntary departure.

## I.

In 1985, Ouedraogo, a nonimmigrant visitor, entered the United States on a B–1, B–2 visa, for a period not to exceed six months. In July 1986, the Sacramento, California office of the Immigration and Naturalization Service (INS) issued an Order to Show Cause against petitioner, alleging that Ouedraogo was subject to deportation due to his failure to depart within six

months. See 8 U.S.C. § 1251(a)(2).[1]

At the deportation hearing, Ouedraogo requested voluntary departure. The INS opposed Ouedraogo's request, alleging that petitioner was not "a person of good moral character" as required by the Immigration and Nationality Act. 8 U.S.C. § 1254(e). In response to the INS' allegations, Ouedraogo stated that he had been convicted of prostitution and of resisting arrest in California. Petitioner denied, however, that he was guilty of either offense.

In September 1986, the immigration judge ordered Ouedraogo deported. On appeal, the BIA affirmed the immigration judge's decision and found "the respondent statutorily ineligible for voluntary departure in light of his admission of two recent criminal convictions of soliciting for prostitution and resisting lawful arrest." In July 1988, Ouedraogo was permitted to withdraw his plea of guilty to prostitution and a California Deputy District Attorney dismissed the charges against him. Shortly thereafter, petitioner moved this court to remand his deportation case to the BIA. In opposing petitioner's motion, the INS argues: (1) that this court lacks jurisdiction to review Ouedraogo's case due to an untimely filing of the review petition; and (2) that Ouedraogo's admissions before the immigration judge support the deportation order. We address these arguments below.

## II.

### A.

■ The INS argues that this Court lacks jurisdiction to review Ouedraogo's case due to the untimely filing of the review petition. See 8 U.S.C. § 1105a(a)(1).[2] Ouedraogo petitioned for review on August 14, 1987, more than six months after the BIA issued its February 4, 1987 order. In his reply brief, Ouedraogo claims that he "was never advised of the Board's decision, or provided a copy of the Board's decision." Petitioner contends that 8 C.F.R. § 3.1(f)[3] creates an affirmative duty on the Board to serve an alien with its decision and the time for filing a review petition runs from the date the alien receives the order. We agree that INS regulations require the BIA to send a copy of its decision to the affected alien. However, the time for filing a review petition begins to run when the BIA complies with the terms of federal regulations by mailing its decision to petitioner's address of record. See *Lee v. Immigration & Naturalization Service*, 685 F.2d 343 (9th Cir.1982).

The record does not demonstrate when the BIA mailed a copy of the February 4, 1987 order to petitioner. Counsel for INS has been unable to locate any letter of transmittal or contemporaneous notation (such as an entry on a docket sheet) documenting the mailing of the February 4 order. Because the INS cannot establish when it mailed the Board's decision, we decline to dismiss the appeal.

### B.

■ The INS also contends that Ouedraogo is ineligible for voluntary departure because petitioner admitted that he engaged in prostitution. See 8 U.S.C. § 1101(f) and § 1182(a)(12). The record does not support this assertion. When asked to recite his prior convictions, Ouedraogo advised the immigration judge that he had been convicted of prostitution. At the same time, however, petitioner denied that he was guilty of prostitution and described for the immigration judge his version of the events that led to his arrest.

---

**1.** (a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—

\* \* \* \* \* \*

(2) ... is in the United States in violation of this chapter or in violation of any other law of the United States.

**2.** "[A] petition for review may be filed not later than six months from the date of the final

deportation order or from the effective-date of this section, whichever is the later."

**3.** "Service of Board decisions. The decision of the Board shall be in writing and copies thereof shall be transmitted by the Board to the Service and a copy shall be served upon the alien or party affected ..."

Because the BIA's order denying petitioner's request for voluntary departure was based at least in part on petitioner's conviction for prostitution, which has been dismissed, we vacate the BIA's order and remand for further consideration in light of this development.[4]

---

4. The INS argues that Ouedraogo must file a motion with the agency to reopen the case to have the BIA reconsider its order. In effect, the INS argues that 8 C.F.R. §§ 3.2 and 3.8 preclude us from remanding the case to the BIA. We disagree. Those sections of the Code of Federal Regulations establish a procedure for an alien to reopen his case before the administrative agency. They do not purport to prohibit a reviewing court from remanding a case to consider a new development that occurred while the appeal was pending. See 5 U.S.C. § 706.