Enrique Rafael Alberto ZALUSKI,
Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 343, Docket 93–4272.

United States Court of Appeals,
Second Circuit.

Argued Sept. 23, 1994.

Decided Oct. 6, 1994.

Joseph A. Sena, Jr., White Plains, NY (Irving I. Kreppel, New Rochelle, NY, of counsel), for petitioner.

Diogenes P. Kekatos, Asst. U.S. Atty. (Mary Jo White, U.S. Atty., Steven M. Haber, Asst. U.S. Atty., Office of the U.S. Atty. for the S.D. of N.Y., New York City, of counsel), for respondent.

Before: PRATT, JACOBS, and LEVAL, Circuit Judges.

*PER CURIAM:*

Enrique Rafael Alberto Zaluski petitions for review of a final order of deportation of the Board of Immigration Appeals ("BIA"). The BIA dismissed Zaluski's appeal from a decision of Immigration Judge John K. Speer (the "IJ"), finding Zaluski deportable under former § 241(a)(4)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(4)(A) (1988) (recodified at 8 U.S.C. § 1251(a)(2)(A)(ii) (Supp. IV 1992)), and denying his application for a discretionary waiver of deportation under § 212(c) of the Act, 8 U.S.C. § 1182(c).

Zaluski has resided in the United States since the age of one, when he was brought here by his parents. He speaks only English, and has no known family in either his designated country of deportation (Italy) or the alternate destination selected by the government (Argentina). All his family and acquaintances are in the United States. Zaluski has a long criminal record, beginning when he was teenager, including the two convictions for crimes of moral turpitude that furnished the basis for this deportation action: petit larceny, in 1977 and 1984.

Zaluski does not contest the finding by the IJ that he is deportable. Instead, he raises several procedural arguments. In this *per curiam* opinion, we consider procedural issues raised by Zaluski that have not been previously addressed in this Circuit.

The first novel issue is jurisdictional. The BIA decision and order is dated August 20, 1993; Zaluski did not file his petition for review in this Court until December 29, 1993. The relevant statute provides that "a petition for review may be filed not later than 90 days after the date of the issuance of the final deportation order...." 8 U.S.C. § 1105a(a)(1). It is clear from the record, however, that the BIA's decision was first mailed to Zaluski's counsel at a former address. The BIA apparently learned of the error and, on October 19, 1993, mailed another copy of its decision to the lawyer's current address. The copy of the decision mailed on October 19 bore the same August 20, 1993 date. The government filed, and later dropped, a motion to dismiss the petition because it had been filed more than 90 days after August 20.

■ Despite the government's dropping of its motion, we have an independent obligation as the reviewing court to satisfy ourselves that appellate jurisdiction is properly established. *See In re Lomas Financial Corp.*, 932 F.2d 147, 150 (2d Cir.1991). Compliance with the time period of § 1105a is a jurisdictional prerequisite to judicial review. *Stajic v. I.N.S.*, 961 F.2d 403, 404 (2d Cir. 1992). In this case, we conclude that we have jurisdiction. Zaluski's attorney followed the procedures for notifying the BIA when he changed his address, a necessary step to preserve his right to receive timely notice of the decision. *See Lee v. Immigration and Naturalization Service*, 685 F.2d 343 (9th Cir.1982) (petition for review, filed beyond statutory time limit, rejected where timely notice of decision not received because lawyer had moved without notifying BIA). The BIA's regulations, which require service of its decisions, specify that decisions be "mailed to the appropriate party." 8 C.F.R. §§ 3.1(f), 3.13. In this case, the decision was not "mailed to the appropriate party" (Zaluski's attorney) until October 19, when it

was directed to him at the address he had duly recorded with the BIA. The petition for review was filed within 90 days of that date. Zaluski's petition therefore was timely filed, because "the time for filing a review petition begins to run when the BIA complies with the terms of federal regulations by mailing its decision to petitioner's [or his counsel's] address of record." *Ouedraogo v. Immigration and Naturalization Service*, 864 F.2d 376, 378 (5th Cir.1989); *see also Lee*, 685 F.2d at 344 (BIA's mailing of decision to attorney's address *of record*, even if incorrect, complies with regulations and starts running of clock).

■ On another front, Zaluski argues that he was deprived of the opportunity to present oral argument before the BIA by reason of certain other procedural defaults by the government, including failure to inform Zaluski's attorney of the calendaring of the case before the BIA. In a letter brief, submitted at the request of this Court, Zaluski contends that this deprivation amounted to a denial of due process. We disagree. The regulations provide that "[o]ral argument shall be heard at the discretion of the Board...." 8 C.F.R. § 3.1(e) (1994). In this case, as noted in the BIA's decision, oral argument was denied. On appeal, Zaluski has not cited—and we do not find—any case standing for the proposition that due process requires the BIA to grant oral argument in an immigration appeal. Oral argument is not a necessary component of due process in all circumstances. *Federal Communications Commission v. WJR, The Goodwill Station*, 337 U.S. 265, 276, 69 S.Ct. 1097, 1103–04, 93 L.Ed. 1353 (1949); *see also Herring v. New York*, 422 U.S. 853, 863 n. 13, 95 S.Ct. 2550, 2556 n. 13, 45 L.Ed.2d 593 (1975). Oral argument is frequently denied in many federal circuit courts. *See Groendyke Transport, Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir.), *cert. denied*, 394 U.S. 1012, 89 S.Ct. 1628, 23 L.Ed.2d 39 (1969); *Magnesium Casting Co. v. Hoban*, 401 F.2d 516, 518 (1st Cir.1968), *cert. denied*, 393 U.S. 1065, 89 S.Ct. 720, 21 L.Ed.2d 708 (1969). No consideration militates in favor of a more rigid requirement governing oral argument in administrative proceedings.

Finally, Zaluski contends that the BIA abused its discretion in dismissing his appeal. This argument wholly lacks merit. After finding that some of Zaluski's equitable arguments were more appealing than the IJ had found them to be, the BIA nevertheless held that Zaluski's "repeated criminal violations constitute a serious adverse discretionary factor," and that, "[w]hile his equities, including lengthy residence, hardship to himself and to his family, and employment ties to the United States rise to the level of outstanding and unusual, ... they are insufficient to outweigh the seriousness of his criminal activity." After addressing several procedural complaints raised by Zaluski, the BIA dismissed Zaluski's appeal.

"We will only find an abuse of discretion where the decision was 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as an invidious discrimination against a particular race or group.'" *Arango–Aradondo v. I.N.S.,* 13 F.3d 610, 613 (2d Cir.1994) (quoting *Li Cheung v. Esperdy,* 377 F.2d 819, 820 (2d Cir.1967)). Because we must give considerable deference to INS decisions, "[w]e need only decide whether or not the INS considered the appropriate factors and came to a decision that has any rational basis." *Dhine v. Slattery,* 3 F.3d 613, 619 (2d Cir.1993). Here, the BIA fully considered all of Zaluski's arguments, carefully weighed all the equities of the case, and overturned certain of the IJ's findings. We find no abuse of discretion in this case.

Zaluski raises a number of further arguments of less interest and no greater merit.

### Conclusion

The petition for review of the BIA decision and order is hereby denied.