76 F.3d 386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alfredo Castillo ISON, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70533.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 10, 1996.*
Decided Jan. 25, 1996.
 
 Before: LAY**, CHOY, and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 Introduction
 
 2
 Alfredo Castillo Ison petitions this court to review two decisions of the Board of Immigration Appeals ("BIA"). The first decision, dated May 15, 1990, denied Ison's request for voluntary departure. The second decision, dated June 13, 1994, denied Ison's motion to reopen to pursue suspension of deportation. We hold that Ison's appeal of the May 15, 1990 decision is not timely and affirm the June 13, 1994 decision.
 
 Factual and Procedural History
 
 3
 On May 21, 1985 Ison was served with an Order to Show Cause why he should not be deported pursuant to § 241(a)(2) of the Immigration and Naturalization Act for overstaying a visitor visa. On August 19, 1985 Ison appeared before an Immigration Judge ("IJ") and admitted all of the factual allegations in the Order to Show Cause. Ison requested voluntary departure and testified as to his qualifications for such departure.
 
 
 4
 Ison explained that he obtained a passport in 1983 to travel to the United States but was denied a visa. Ison then attempted to enter the United States on January 20, 1984, using a fraudulent passport in the name of Joseph D. Brilliantes. He was detained by the INS in Hawaii and returned to the Philippines. Ison subsequently obtained another fraudulent passport in the name of Jose B. Joson and entered the United States on February 7, 1984. After Ison entered the United States, he obtained a fraudulent Social Security card in the name of Jose B. Joson.
 
 
 5
 On November 15, 1985, the IJ issued an oral decision (1) finding Ison deportable, (2) denying Ison's request for voluntary departure, (3) denying Ison's request for asylum, and (4) denying Ison's request for withholding of deportation. With respect to Ison's request for voluntary departure, the IJ found that Ison was not eligible due to his financial inability to leave voluntarily and his equivocal statements regarding his intent to depart. The IJ also balanced the equities and concluded that they weighed against voluntary departure.
 
 
 6
 On November 26, 1985, Ison appealed to the BIA. Ison argued that the IJ erred in not granting asylum or withholding of deportation. Ison did not appeal the denial of voluntary departure. On May 13, 1986, during the pendency of the appeal, Ison married a United States citizen, Lorena K. Ison. In a decision dated May 15, 1990, the BIA dismissed Ison's appeal finding that Ison was not eligible for asylum or withholding of deportation. The BIA noted that Ison did not appeal the denial of voluntary departure, but found it appropriate to comment on this issue. The BIA wrote: "We agree with the immigration judge that the unfavorable factors presented here warrant a denial of voluntary departure in the exercise of discretion."
 
 
 7
 On April 7, 1994, Ison submitted a motion to reopen his deportation proceedings to pursue an application for suspension of deportation. Ison requested suspension of deportation because his wife was ill and required his assistance. On June 13, 1994, the BIA denied Ison's motion to reopen. The BIA ruled, in the exercise of its discretion, that Ison was not entitled to suspension of deportation. Ison now appeals (1) the May 15, 1990 decision of the BIA that Ison was not entitled to voluntary departure, and (2) the April 7, 1994 decision of the BIA denying Ison's motion to reopen.
 
 Discussion
 
 8
 1. Ison did not timely appeal the May 15, 1990 decision of the BIA to this court.
 
 
 9
 At the time of the May 15, 1990 decision, 8 U.S.C. § 1105a(a)(1) provided for a six-month time period to appeal a final order of deportation. This time period is mandatory and jurisdictional. Caruncho v. INS, 68 F.3d 356, 359 (9th Cir.1995). In unique circumstances, if a party is misled by words or conduct of a lower tribunal, an appellate court may have jurisdiction to hear an otherwise untimely appeal. See Shamsi v. INS, 998 F.2d 761, 762 (9th Cir.1993) (untimely appeal from IJ to BIA permitted).
 
 
 10
 The May 15, 1990 decision of the BIA was a final order of deportation. Castrejon-Garcia v. INS, 60 F.3d 1359, 1361 (9th Cir.1995). Ison did not appeal the BIA's denial of voluntary departure until September 8, 1994. Nor did Ison file his motion to reopen within six months from the May 15, 1990 decision. See Hyun Joon Chung v. INS, 720 F.2d 1471, 1473 (9th Cir.1983), cert. denied, 467 U.S. 1216 (1984) (six-month period to appeal to this court tolled where alien files motion to reopen within that six-month period). This court lacks jurisdiction because Ison did not file his appeal or motion to reopen within the six-month time limit.
 
 
 11
 Ison argues that his petition "was timely filed pursuant to 8 U.S.C. section 1105a(a)(1) since the decision and order of deportation was not served on petitioner." Petitioner's Brief at 1. Ison relies on the Fifth Circuit case Ouedrago v. INS which held that the limitation period runs from the mailing of the decision to petitioner's address of record. 864 F.2d 376, 378 (5th Cir.1989). The INS does not respond to this argument.
 
 
 12
 We reject Ison's argument. While Ison asserts that the BIA's decision was not served on him, the record reflects that the BIA mailed a copy of the May 15, 1990 decision to the address which Ison listed on his appeal to the BIA. Therefore, since Ison has failed to justify his untimely appeal, we lack jurisdiciton to review the May 15, 1990 decision of the BIA which denied voluntary departure.[1]
 
 
 13
 2. The BIA did not abuse its discretion in denying Ison's motion to reopen.
 
 
 14
 The BIA denied Ison's motion to reopen on June 13, 1994. Ison appealed on September 8, 1994. Ison's appeal is timely under 8 U.S.C. § 1105a(a)(1).
 
 
 15
 The BIA's denial of a motion to reopen is reviewed for an abuse of discretion. INS v. Doherty, 502 U.S. 314, 323 (1992). Motions to reopen are disfavored because "every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Id. at 724-25. We defer to the BIA unless it acted in a manner arbitrary, irrational, or contrary to law. Caruncho, 68 F.3d at 360. There are three independent grounds on which the BIA may deny a motion to reopen: (1) failure to establish a prima facie case for the relief sought, (2) failure to introduce previously unavailable, material evidence, and (3) the movant is not entitled to the discretionary relief sought. Doherty, 502 U.S. at 323.
 
 
 16
 Here, the BIA denied Ison's motion to reopen on the third ground. The BIA exercised its discretion and ruled that Ison was not entitled to suspension of deportation which was the underlying relief sought. See 8 U.S.C. § 1254(a). The BIA reviewed several factors in reaching its decision. The BIA stated that Ison's fraudulent actions in entering this country were serious "adverse factors" militating against discretionary relief. The BIA then reviewed the positive factors weighing in favor of relief. These included a favorable employment history, letters of good moral character, and his marriage to a United States citizen. After balancing these factors, the BIA concluded that Ison was not entitled to discretionary relief. The BIA stated its reasons and showed proper consideration for all relevant factors and therefore did not abuse its discretion.
 
 
 17
 Ison argues that the BIA abused its discretion by not considering positive factors weighing in his favor. Ison claims that the BIA did not consider his "rehabilitation." See Rashtabadi v. INS, 23 F.3d 1562, 1570-71 (9th Cir.1994). Ison asserts that his lack of criminal conduct after entering into the United States should have been balanced against his earlier fraudulent acts. The BIA specifically acknowledged Ison's favorable employment history and letters attesting to his good moral character. Under these facts, where the BIA gave due consideration to Ison's claim of rehabilitation, it was not arbitrary, irrational, or contrary to law for the BIA not to mention Ison's lack of criminal convictions.
 
 
 18
 Ison argues that the BIA did not adequately consider the difficulty he would face in obtaining a visa to remain with his wife in the United States. Ison relies on Fazelihokmabad v. INS where we held that the BIA inadequately considered the hardship an alien from Iran would face in obtaining a visa if returned to Iran. 794 F.2d 1470, 1474 (9th Cir.1986), vacated and remanded, 485 U.S. 930 (1988), dismissed, 847 F.2d 619 (9th Cir.1988). Apart from that case being vacated by the Supreme Court and later dismissed by this court, its reasoning does not support Ison's argument. In Fazelihokmabad, we found that the alien faced hardship because Iran lacked a U.S. consulate and would subject the alien to mandatory service in the military. Ison faces no such hardship if deported to the Philippines.
 
 
 19
 The BIA did not abuse its discretion in denying the motion to reopen.
 
 Conclusion
 
 20
 Ison's request for a stay is denied as our decision in Rabang v. INS, 35 F.3d 1449 (9th Cir.1994), cert. denied, 115 S.Ct. 2554 (1995) has been decided. We exercise our discretion, however, and stay our mandate for forty-five days from the filing of this memorandum to allow Ison the opportunity to apply for adjustment of status. See Roque-Carranza v. INS, 778 F.2d 1373 (9th Cir.1985). Within fourteen days of the expiration of this period, each party shall file a status report with this court. If Ison applies for adjustment of status, the mandate will be further stayed for such time as is necessary for the application to be adjudicated. If Ison does not apply for adjustment of status within this forty-five day period or fails to file a timely status report, the mandate may issue without further notice. The parties shall bear their own costs on this appeal.
 
 
 21
 Petition for review DENIED.
 
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Even if we had jurisdiction to review the May 15, 1990 decision, we would hold that the BIA did not abuse its discretion
 The decision of whether to grant voluntary departure lies within the broad discretion of the Attorney General and this court reviews for an abuse of that discretion. Villanueva-Franco v. INS, 802 F.2d 327, 329 (9th Cir.1986).
 Ison argues that the BIA abused its discretion because it did not consider the following factors weighing in his favor: (1) petitioner's lack of arrests in the United States, (2) petitioner's testimony that he would depart voluntarily if ordered to do so, and (3) petitioner's marriage to a United States citizen.
 The BIA did not abuse its discretion by failing to consider Ison's lack of arrests. At the time of Ison's voluntary departure request, August 19, 1985, he had resided in the United States for only eighteen months. The BIA did not act in an arbitrary or irrational manner by failing to mention Ison's lack of arrests during such a short time period. Nor was it an abuse of discretion for the BIA to fail to mention Ison's testimony that he would depart voluntarily if ordered to do so. Considering that Ison requested voluntary departure, the BIA could assume that Ison would comply with such an order. Finally, the BIA adequately addressed Ison's marriage to a United States citizen. The BIA noted that Ison was married and that his wife had filed a visa petition on his behalf.