[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 00-1715

RADKO RADKOV AND MARTA D.P. RADKOVA,

Petitioners,

v.

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF DEPORTATION

Before

Stahl, Lynch, and Lipez,
<u>Circuit Judges</u>.

<u>Peter Popov</u> for petitioners.

<u>Brenda M. O'Malley</u>, with whom <u>David W. Ogden</u>, Assistant Attorney General, and <u>Terri J. Scadron</u>, Senior Litigation Counsel, were on brief for respondent.

December 20, 2000

**Per Curiam**. The key question in this case is whether counsel of record for the petitioners was ever mailed the BIA's December 29, 1998 decision denying petitioners' application for political asylum[1] and therefore excluding the petitioners as aliens not in possession of valid immigrant visas.  If the decision was sent out in due course, then the petitioners missed the ninety-day deadline to move to reopen from the final administrative decision. See 8 C.F.R. § 3.2(c)(2).  The petitioners did file a motion to reopen, which was received by the BIA on July 15, 1999 and denied as untimely on June 1, 2000.[2] In support of their motion to reopen, petitioners submitted an affidavit from their attorney of record at the time, Sylvia J. Rolinski, Esq., stating that she never received the BIA's December 29, 1998 decision.  In its June 1, 2000 decision, the BIA found that petitioners' motion to reopen was not timely filed.

---

[1]     Petitioner Marta D.P. Radkova did not submit a separate asylum application but was included as a derivative beneficiary in the asylum application of her husband, petitioner Radko Radkov.

[2]     The BIA also concluded that even were it to construe petitioners' motion as one to reconsider, it would likewise deny it as untimely filed.  See 8 C.F.R. § 3.2(b)(2) (motion to reconsider must be filed within thirty days of decision by BIA).

-2-

Two provisions of the Code of Federal Regulations interact on the timeliness issue.  The first, 8 C.F.R. § 3.2(c)(2) provides that the:

> motion [to reopen] must be filed no later than 90 days after the date which the final administrative decision was rendered in the proceeding sought to be reopened.

The second, 8 C.F.R. § 3.1(f), provides that:

> The decision of the Board shall be in writing and copies thereof shall be transmitted by the Board to the Service and a copy shall be served upon the alien or party affected as provided in Part 292 of this chapter.[3]

The courts have generally held that the time for filing a review petition begins to run when the BIA complies with the terms of the federal regulations by mailing its decision to a petitioner's address of record.  See, e.g., Martinez-Serrano v. INS, 94 F.3d 1256, 1258-59 (9th Cir. 1996); Ouedraogo v. INS, 864 F.2d 376, 378 (5th Cir. 1989). In instances where it is undisputed that the BIA decision was mailed, at least one court has held that the fact that counsel did not receive the notice did not excuse the failure to file.  See Nowak v. INS, 94 F.3d 390, 391-92 (7th Cir. 1996).  We do not reach the latter issue.

---

[3]Section 292 of Title 8 of the Code provides that service of a final deportation order may be upon an alien's counsel of record.  See 8 C.F.R. § 292.5 (requiring service of "any paper other than a warrant of arrest or a subpoena" upon "the attorney or representative of record, or the person himself if unrepresented"); Arreaza-Cruz v. INS, 39 F.3d 909, 911 (9th Cir. 1994).

The difficulty for judicial review is that the BIA's decision not to reopen appears to be based on an argument not particularly germane to the core issue. Petitioners have put into question whether the December 29 decision was in fact mailed by the BIA. The BIA focused on the assumption that the decision had been mailed to the attorney of record, Rolinski, at the address provided on the notice of entry of appearance previously submitted to the BIA on December 22, 1992. This appears to be in response to a statement in attorney Rolinski's affidavit that she had changed her address in October, 1993 and so notified the agency. The BIA concluded that the record did not reflect any written notice of such change. Thus the BIA's decision seems to rest on its right to disregard the asserted change in the attorney's business mailing address.

However, that issue -- the issue of the attorney's proper address -- is, in our view, irrelevant, because attorney Rolinski also states in her affidavit that she continued to receive mail at both addresses and simply did not receive the December 29, 1998 decision at either address. In denying petitioners' motion to reopen, the BIA did not address the sworn contention by Rolinski that she never received the December 29, 1998 decision, which raises the question of whether the December 29 decision was ever actually mailed. It is true that the record shows a copy of BIA Chairman Paul W. Schmidt's transmittal letter dated December 29, 1998, but the

-4-

BIA's June 1 decision does not address the claim that the earlier decision and letter were never sent out.

Because the BIA's decision appears to be based on reasoning extraneous to the central issue, we vacate and remand for further consideration and explanation of whether the December 29 opinion and order was in fact properly mailed, see 8 C.F.R. § 3.1(f), in light of the affidavit from counsel that it was never received, cf. Gailius v. INS, 147 F.3d 34, 43-47 (1st Cir. 1998). On remand the BIA should also consider the apparent absence in the record of a contemporaneous notation, such as an entry on a docket sheet, that would support a finding that the December 29 decision was in fact mailed. See Ouedraogo, 864 F.2d at 378. Both parties are free to submit additional evidence on remand.

So ordered.