**Alfredo CASTILLO ISON, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–70583.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 14, 2002.

Filed Oct. 21, 2002.

Walter S. Nomura, Stockton, CA, for the petitioner.

Janice K. Redfern, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for the respondent.

Before HALL, KOZINSKI, and McKEOWN, Circuit Judges.

PER CURIAM.

Petitioner Alfredo Castillo Ison, a citizen of the Philippines, faced a charge of overstaying a nonimmigrant visa. He sought to remain in the United States by claiming U.S. citizenship on the ground that the Philippines was a U.S. territory when he was born. The immigration judge rejected this argument, along with Ison's requests for asylum, withholding of deportation, and voluntary departure. In 1986, while his appeal was pending, Ison married Lorena Kidder, a United States citizen. The Board of Immigration Appeals ("BIA") dismissed his appeal in 1990. Four years later, his wife ailing, Ison moved to reopen the proceedings to apply for a suspension of deportation so that he could remain in the United States to care for her. The BIA denied the motion but suggested that Ison might qualify for an adjustment of status based on his marriage to a United States citizen. Ison's wife died later that year.

In 1996, we denied Ison's petition for review, but stayed the mandate for 45 days to permit him to apply for an adjustment of status. *Ison v. I.N.S.*, No. 94–70533, 1996 WL 29251, at *3 (9th Cir. Jan. 25, 1996). So Ison, then a widower, moved again to reopen his immigration proceedings, this time to apply for adjustment of status and an immigrant visa.[1] The BIA denied the motion, and Ison now petitions for review.

In denying Ison's motion, the BIA incorrectly concluded that the Immigration Marriage Fraud Amendments of 1986, Pub. L. No. 99–639, 100 Stat. 3537, barred him from simultaneously filing both a petition for an immigrant visa and an application for adjustment of status. *See Matter of Arthur*, 20 I. & N. Dec. 475, 1992 WL 195807 (B.I.A.1992) (requiring an approved visa before a case may be reopened for adjustment of status). The *Arthur* rule—which is based on the Amendments—does not bind Ison, because he married a United States citizen before November 10, 1986, the effective date of the Amendments, which only "apply to marriages en-

---

1. Under 8 U.S.C. § 1154(a)(1)(A)(ii), the widower of a deceased United States citizen can file a visa petition on his own behalf.

tered into on or after the date" of their enactment. § 5(c), 100 Stat. at 3537. Ison's marriage took place on May 13, 1986—nearly six months before the Amendments took effect.

Under an earlier rule announced in *Matter of Garcia*, 16 I. & N. Dec. 653, 1978 WL 36464 (B.I.A.1978), the BIA held that a motion to reopen should generally be granted when filed along with a visa petition unless the applicant appears clearly ineligible. *Id.* at 654. Because *Garcia* remains the rule for filings based on pre-Act marriages, Ison should have been permitted to make a simultaneous filing of a petition for an immigrant visa and an application for adjustment of status.

Accordingly, we grant Ison's petition and remand to the BIA with the direction to grant his motion to reopen.

**PETITION FOR REVIEW GRANTED.**