**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Hildeberto MURO–RIVAS, aka Hildeberto Muro, Defendant— Appellant.**

No. 02–50410.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 8, 2003.

Decided Oct. 10, 2003.

Before: BRUNETTI, T.G. NELSON, and SILVERMAN, Circuit Judges.

## MEMORANDUM *

Hildeberto Muro–Rivas appeals the district court's denial of his motions to withdraw his guilty plea and to dismiss the underlying indictment charging him with violating 8 U.S.C. § 1326—being a deported alien found within the United States. Muro–Rivas is collaterally attacking the deportation which formed a basis for the charge. The district court found that to succeed in his attack, Muro–Rivas had to show "outstanding equities" that would merit § 212(c) relief from that deportation. Muro–Rivas asserts that the district court erred in requiring "outstanding equities" be shown. We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. We affirm.

We review *de novo* the denial of a motion to dismiss an 8 U.S.C. § 1326 indictment when the motion is based on alleged due process defects in an underlying deportation proceeding. *U.S. v. Muro–Inclan*, 249 F.3d 1180, 1182 (9th Cir.2001). We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Nostratis*, 321 F.3d 1206, 1208 (9th Cir.2003).

Muro–Rivas can succeed in collaterally attacking his underlying deportation proceeding only if he is able to demonstrate that: (1) his due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects. *United States v. Corrales–Beltran*, 192 F.3d 1311, 1316 (9th Cir.1999).

We need not reach the issue of whether Muro–Rivas' due process rights were violated because, "in spite of any violation of the alien's due process rights, the deporta-

tion order can still be used to prove an element of a crime if the alien fails to show prejudice resulting from the violation." *U.S. v. Leon–Leon*, 35 F.3d 1428, 1431 (9th Cir.1994). Muro–Rivas bears the burden of showing he was prejudiced by defects in his underlying deportation proceeding. *Id.* at 1432. To demonstrate prejudice, Muro–Rivas must make a "plausible showing" that the Attorney General would have granted him § 212(c) relief because of the unique circumstances of his own case. *United States v. Corrales–Beltran*, 192 F.3d 1311, 1318 (9th Cir.1999). Muro–Rivas fails in satisfying his burden.

The district court balanced the equities in favor of Muro–Rivas against the factors evidencing his undesirability as a permanent resident. After weighing the factors, the district court found that it was not "plausible" that Muro–Rivas would be afforded § 212(c) relief because of his failure in demonstrating "unusual or outstanding equities" as to why he would have qualified for such relief.

Muro–Rivas contends that the district court erred in requiring him to demonstrate "outstanding equities" to merit § 212(c) relief. Muro–Rivas is incorrect. This court has recognized that "an applicant for § 212(c) relief who has a serious criminal history must demonstrate unusual or outstanding equities in order to receive relief." *United States v. Gonzalez–Valerio*, 342 F.3d 1051, 1056 (9th Cir.2003). It is necessary to apply this heightened standard to Muro–Rivas because of his convictions for assault with a deadly weapon and multiple drug charges. *Ayala–Chavez*, 944 F.2d at 641 (applying standard to alien with a single drug possession conviction).

Muro–Rivas' assertion that it was plausible that he would have been granted

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 212(c) relief because (1) he has been a lawful resident for 24 years, (2) he speaks fluent English, (3) he completed his GED while in custody, and (4) he has three relatives living in the United States is unpersuasive. This is especially apparent when one considers Muro–Rivas' long and varied criminal background. He was consistently involved in drugs and in at least one violent crime. He was arrested more than seven time, has at least three convictions, has spent more than seven years in prison, and has not demonstrated genuine rehabilitation.

Even standing alone, Muro–Rivas' favorable factors are not "unusual or outstanding equities" that lead to a discretionary waiver of deportation. *Ayala–Chavez v. INS*, 944 F.2d 638, 642 (9th Cir.2001) (upholding the BIA's findings that the deportee had not demonstrated outstanding equities where the deportee demonstrated 18 years of residence, most of his family resided near him, and he had a minor daughter whom he supported); *Zaluski v. INS*, 37 F.3d 72 (2d Cir.1994) (per curiam) (applying standard to 30–year resident alien, who lived in United States since age one, and whose entire family resides in United States). For the aforementioned reasons, Muro–Rivas has failed to demonstrate his claim of prejudice.

AFFIRMED.