**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Pedro GARCIA–TIRADO, Defendant— Appellant.**

No. 02–50395.

D.C. No. CR–01–03601–IEG.

United States Court of Appeals, Ninth Circuit.

Submission Deferred on June 3, 2003.

Resubmitted on Jan. 8, 2004.*

Decided Jan. 8, 2004.

---

\* We deferred submission of this case pending the issuance of the mandate in *United States v. Ubaldo–Figueroa*, 347 F.3d 718 (9th Cir. 2003). Because we find that a case issued in the interim, *United States v. Leon–Paz*, 340 F.3d 1003 (9th Cir.2003), is dispositive of this appeal, we order the matter submitted on the briefs and without oral argument. *See* Fed. R.App. P. 34(a)(2).

Margaret E. Gabor, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Gary P. Burcham, San Diego, CA, for Defendant–Appellant.

Before REINHARDT, O'SCANNLAIN, and FISHER, Circuit Judges.

## ORDER & MEMORANDUM**

 Pedro Garcia–Tirado appeals his conviction for attempted entry after deportation in violation of 8 U.S.C. § 1326, asserting that his underlying deportation order was constitutionally defective. We agree with Garcia–Tirado that the Immigration Judge's ("IJ") failure to inform him that he was eligible for section 212(c) relief violated his due process rights. *Leon–Paz*, 340 F.3d at 1005–07. However, after balancing Garcia–Tirado's positive family and community equities against the seriousness of his crime,*** *Matter of Edwards*, 20 I. & N. Dec. 191, 195–96, 1990 WL 385757 (1990), we conclude that Garcia–Tirado has not made out a "plausible" claim for relief under section 212(c). *United States v. Arrieta*, 224 F.3d 1076, 1079–80 (9th Cir.2000).

The negative equities—essentially Garcia–Tirado's criminal conduct—are substantial. He was sentenced to four years in jail for practicing medicine without a license and raping one of his patients during a gynecological examination. The presentence report also shows a separate arrest for spousal abuse, and no objection was filed to this part of the report.

Balanced against the seriousness of these crimes, Garcia–Tirado's positive equities are limited to his family ties in the United States. Although family ties are a "weighty factor" in the analysis, *Kahn v. I.N.S*, 36 F.3d 1412, 1414 (9th Cir.1994), there is nothing else in the record that supports Garcia–Tirado's claim for discretionary relief. He has not performed any community service or served in the military. *Georgiu v. I.N.S.*, 90 F.3d 374, 377 (9th Cir.1996) (discussing community involvement as a factor in the section 212(c) analysis). He did not immigrate to this country at a young age, but rather as a thirty-year-old adult. *Matter of Edwards*, 20 I. & N. Dec. at 195 (stating that the IJ should consider an alien's residence of long duration in this country as a positive factor in the section 212(c) analysis). Moreover, Garcia–Tirado has an extensive network of family in Mexico, which includes his siblings and parents. Courts have denied relief to petitioners with residence of much longer duration and family ties of much greater significance in this country than Garcia–Tirado. *See, e.g., Zaluski v. I.N.S.*, 37 F.3d 72 (2d Cir.1994) (per curiam) (upholding BIA's denial 212(c) relief to 30-year resident alien, who lived in the United States since age one, whose entire family resides in the United States). In addition, the record reflects that petitioner was able to engage in work in the medical field in Mexico during the period of his residence in this country.

The seriousness of Garcia–Tirado's crimes far outweighs his positive equities,

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*** Because the district court already addressed the issue of prejudice in its oral order, there is no need to remand for an initial determination. *Cf. Leon–Paz,* 340 F.3d at 1007 (stating that because the district court "never reached that issue, and it should do so in the first instance," the court should remand).

and we conclude that there was no possibility that an IJ would have granted him relief. Accordingly, we **AFFIRM** the district court's decision.

**AFFIRMED.**