**Yu Ping LIN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, ATTORNEY GENERAL, Immigration and Naturalization Service, Respondents.**

No. 03–41139.

United States Court of Appeals, Second Circuit.

May 5, 2005.

Yu Ping Lin, Ridgewood, New York, for Appellant, pro se.

Anne R. Schultz, Chief, Appellate Division, Office of the United States Attorney for the Southern District of Florida (Marcos Daniel Jimenez, United States Attorney for the Southern District of Florida, on the brief), Miami, Florida, for Appellee.

Present: SOTOMAYOR, B.D. PARKER, and HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yu Ping Lin, *pro se,* petitions for review of the BIA decision denying his motion to reopen and reconsider his immigration proceedings. We assume the parties' familiarity with the underlying facts and procedural history. As a preliminary matter, we note that this Court has jurisdiction over only the November 2003 BIA decision denying Lin's September 2003 motion to reconsider his motion to reconsider and reopen his immigration proceedings. *See* 8 U.S.C. § 1105a(a)(1) (1994) (repealed 1996). Because Lin failed to file timely petitions for review of the BIA decisions affirming the Immigration Judge's order of removal and denying Lin's motion to reopen his immigration proceedings, this Court lacks jurisdiction to review those decisions. *See Stone v. INS,* 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); *Malvoisin v. INS,* 268 F.3d 74, 75 (2d Cir.2001) (citing *Zaluski v. INS,* 37 F.3d 72, 73 (2d Cir.1994) (*per curiam*)).

We review the BIA's denial of a motion to reconsider or reopen for abuse of discretion. *Brice v. United States Dep't of Justice,* 806 F.2d 415, 419 (2d Cir.1986). A motion to reconsider "request[s] that the Board re-examine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Matter of Cerna,* 20 I. & N. Dec. 399, 402 n. 2 (BIA 1991) (internal quotation marks omitted). Accordingly, a motion to reconsider must specify errors of fact or law in the challenged BIA decision, and must be supported by pertinent authority. *See Zhao v. United States Dep't of Justice,* 265 F.3d 83, 90 (2d Cir.2001). As the BIA correctly found, Lin's motion to reconsider failed to identify any legal or factual defect requiring the BIA to reconsider its decision. The petition for review is accordingly DENIED.