JING FEI CHEN aka Jin–
Fei Chen, Petitioner,

v.

Alberto R. GONZALES,[1] Respondent.

No. 04–1763–ag.

United States Court of Appeals,
Second Circuit.

April 12, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Joan Xie, New York, New York, for Petitioner.

David C. Iglesias, United States Attorney for the District of New Mexico, Terri J. Abernathy, Assistant United States Attorney, Cleveland, Ohio, for Respondent.

PRESENT: Hon. JOHN M. WALKER, JR., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 12th day of April, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Jing Fei Chen, though counsel, petitions for review of the BIA decision affirming the decision of an immigration judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the agency's factual findings, including adverse credibility de-

terminations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 287–89 (2d Cir.2000).

In this case, Chen's asylum claim fails for the reasons stated by the IJ. Since Chen had indicated at his airport interview that he understood the immigration official's statement regarding his rights under United States law and was provided a translator at the hearing, the airport interview was reliable, and, therefore, the IJ properly relied on it in denying Chen relief. *See Ramsameachire*, 357 F.3d at 181. The IJ also properly found that Chen was not credible based on Chen's failure to mention at the airport interview that he had been persecuted for practicing Falun Gong in China. Chen also was unable to provide detail about the day that policemen came to his house to arrest his parents, such as the date of the incident. Moreover, Chen did not provide any persuasive documentary evidence supporting his claim that he had been persecuted on account of his Falun Gong practice or that he will be harmed if returned to China. The omissions, lack of detail, and lack of corroborating evidence support the IJ's adverse credibility determination, and, thus, Chen's application for asylum and withholding of removal was properly denied. *See Secaida–Rosales*, 331 F.3d at 308. Moreover, because Chen did not provide any evidence that he would be tortured if returned to China, the IJ properly denied CAT relief as well. *See Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004). To the extent that Chen argued

that the BIA abused its discretion by failing to separately consider Chen's CAT claim, the record reflects that the IJ considered all testimony and documentary evidence in rendering his decision. Accordingly, the BIA did not abuse its discretion by summarily affirming the IJ's decision. *See Zaluski v. I.N.S.*, 37 F.3d 72, 74 (2d Cir.1994).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal is DENIED. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).