**Jian Ying LIN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Respondent.**

No. 04–4873–AG.

United States Court of Appeals, Second Circuit.

April 17, 2006.

Jian Ying Lin, Philadelphia, Pennsylvania, for Petitioner, pro se.

Because the Court did not receive a brief from the respondent within fifteen days of the December 5, 2005 due date specified in the scheduling order issued on October 5, 2005, this case has been decided without the benefit of respondent's brief. See Local Rule § 0.29(d), for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Jian Ying Lin, *pro se*, petitions for review of the BIA decision denying her motion to reconsider. We assume the parties' familiarity with the underlying facts and procedural history.

This Court has jurisdiction only over the August 26, 2004 BIA order denying Lin's second motion to reconsider. Under 8 U.S.C. § 1252(B)(1), a petitioner is required to file a petition for review within 30 days of the final order of removal. The filing of a motion to reopen or reconsider does not toll that period. *See Alam v. Gonzales*, 438 F.3d 184 (2d Cir.2006) (internal quotation and citation omitted). The late filing of a petition for review deprives this Court of jurisdiction to consider it. *See Malvoisin v. INS*, 268 F.3d 74, 75 (2d Cir.2001) (citing *Zaluski v. INS*, 37 F.3d 72, 73 (2d Cir.1994) (*per curiam* )).

Lin did not file her petition for review until September 10, 2004, beyond the thirty-day time period for each of the BIA's first two orders. Thus, this Court lacks jurisdiction over the June 2004 order denying her application for asylum, withholding of removal, and CAT relief, and the August 3, 2004 order denying her first motion to reconsider. Further, because Lin did not devote any argument in her brief to the BIA's denial of her second motion to reconsider, her petition for review is abandoned. *See Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005). In any event, the BIA did not abuse its discretion in denying that motion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d Cir.2004) (citing *Brice v. U.S. Dep't of Justice*, 806 F.2d 415, 419 (2d Cir.1986)).

We have considered all of the petitioners' claims and find them to be without merit. The petition for review is therefore DENIED, and the outstanding motion for stay of deportation is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending

motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).