# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 22, 2021

Lyle W. Cayce
Clerk

No. 20-60621
Summary Calendar

Ransford George Perry, *also known as* Perry Ronsford, *also known as* George Perry Ransford, *also known as* G. Ransford,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A 045 438 905

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Ransford George Perry, a native and citizen of Jamaica, became a lawful permanent resident of the United States in 1996. In 2007, he was convicted in New York for endangering the welfare of a child. That rendered

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60621

him removable under federal law. *See* 8 U.S.C. § 1227(a)(2)(E)(i). In 2018, the Department of Homeland Security served him with a Notice to Appear, charging him with removability. An Immigration Judge ("IJ") sustained that charge. Perry then applied for cancellation of removal, *see* 8 U.S.C. § 1229(b), and an IJ denied that application.

Perry appealed to the Board of Immigration Appeals ("BIA"). The BIA dismissed Perry's appeal on January 31, 2020 and mailed its decision to him on the same day. Perry subsequently moved the BIA to reopen his removal proceedings and to reconsider its decision. The BIA denied those newer motions on June 15, 2020 and mailed its decision to Perry on the same day. On July 7, 2020, Perry petitioned this court for review of the BIA's *first* order—its January 31 order dismissing his appeal. And on November 13, 2020, Perry moved this court to vacate the BIA's January 31 order. Neither Perry's petition, nor his motion to vacate, nor his briefing mentioned the BIA's *second* order (the order of June 15).

We lack jurisdiction to review the BIA's January 31 order. An alien must petition for review of a BIA order within 30 days of that order. 8 U.S.C. § 1252(b)(1). That is a jurisdictional requirement. *Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003). And it is not subject to equitable tolling. *Stone v. INS*, 514 U.S. 386, 405–06 (1995). Importantly here, the "BIA's denial of an appeal and its denial of a motion to reconsider are two separate final orders, each of which require their own petitions for review." *Guevara v. Gonzales*, 450 F.3d 173, 176 (5th Cir. 2006); *see also Stone*, 514 U.S. at 405 (similar). The timer for each order starts on the day the BIA mails the order. *Ouedraogo v. INS*, 864 F.2d 376, 378 (5th Cir. 1989).

Those rules apply here in straightforward fashion. The BIA mailed its order to Perry on January 31, 2020. Perry petitioned for review on July 7, 2020. That petition was therefore untimely, and we lack jurisdiction to

consider it. *See Navarro-Miranda*, 330 F.3d at 676. To the extent Perry's motion to vacate challenges the BIA's January order, we likewise lack jurisdiction to consider the motion. *See id.* And Perry has abandoned any challenge to the BIA's second order by failing to mention that order in any of his filings. *See, e.g.*, *Bright v. Holder*, 649 F.3d 397, 399 n.1 (5th Cir. 2011).

Finally, Perry also purports to challenge the Southern District of Texas's denial of habeas corpus relief. *See* 28 U.S.C. § 2241. But Perry did not actually appeal the district court's denial. *See* 28 U.S.C. § 2253(a) ("In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, *on appeal*, by the court of appeals for the circuit in which the proceeding is held." (emphasis added)). So Perry, in effect, is trying to use his motion to vacate *the BIA's* order as a vehicle to attack the *district court's* habeas denial. That is impermissible. *See id.*

The petition for review is DISMISSED in part for lack of jurisdiction and otherwise DENIED. The motion to vacate the removal order is DENIED.