Rodriguez Suriel v. Garland

BIA
Farber, IJ
A037 633 508

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand twenty-three.

PRESENT:
> ROSEMARY S. POOLER,
> JOSEPH F. BIANCO,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

ESMERALDO ANTONIO RODRIGUEZ SURIEL, AKA ANTONIO RODRIGUEZ, AKA MARCOS ANTONI, AKA GERALDO RODRIGUEZ,
> *Petitioner,*

v.                                        19-3422
                                          NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**            Paul B. Grotas, Esq., New York, NY.

**FOR RESPONDENT:**           Brian M. Boynton, Principal Deputy Assistant Attorney General; Jeffery R. Leist, Senior Litigation Counsel; Kathleen Kelly Volkert, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED for lack of jurisdiction.

Petitioner Esmeraldo Antonio Rodriguez Suriel, a native and citizen of the Dominican Republic, seeks review of a September 20, 2019 decision of the BIA affirming a February 22, 2019 decision of an Immigration Judge ("IJ"), which denied his motion to reopen his withholding-only proceedings to seek withholding of removal and protection under the Convention Against Torture ("CAT"). *In re Rodriguez Suriel,* No. A037 633 508 (B.I.A. Sept. 20, 2019), *aff'g* No. A037 633 508 (Immigr. Ct. N.Y.C. Feb. 22, 2019).

Rodriguez Suriel was ordered removed in 2003, and that 2003 order was reinstated after his unlawful reentries in

2

2009 and 2017. Following the 2017 entry he was referred to an IJ for withholding-only proceedings. He was removed again after the IJ and the BIA denied withholding of removal and CAT relief. He again reentered and now challenges the agency's denial of his motion to reopen his withholding-only proceedings.

Although the parties do not address jurisdiction, "we have an independent obligation" to determine jurisdiction. *Zaluski v. INS*, 37 F.3d 72, 73 (2d Cir. 1994). Our jurisdiction in this context is limited to "final order[s] of removal." 8 U.S.C. § 1252(a)(1). A final order of removal "conclud[es] that the alien is deportable or order[s] deportation." 8 U.S.C. § 1101(a)(47)(A); *Bhaktibhai-Patel v. Garland*, 32 F.4th 180, 189 (2d Cir. 2022) (removal orders "affect the validity of the conclusion that an alien may or must be removed from the United States" (internal quotation marks and citation omitted)). Since the parties briefed this case, we have held that a decision in withholding-only proceedings is not such an order because it "concern[s] an alien's eligibility for statutory withholding and CAT relief," it "do[es] not determine whether the alien is

3

deportable or order deportation," and it does not "affect the validity of any determination regarding an alien's deportability or deportation . . . . Rather, if an immigration judge grants an application for withholding of removal, he prohibits DHS from removing the alien to a particular country, not from the United States." *Bhaktibhai-Patel*, 32 F.4th at 190–91 (alterations adopted) (internal quotation marks and citations omitted). Because Rodriguez Suriel challenges the denial of a request to reopen withholding-only proceedings, we lack jurisdiction as the denial of reopening relates only to withholding of removal and CAT relief and does not implicate removability. *See id.* The petition is otherwise untimely to challenge the 2003 removal order or the reinstatement of the order in 2017. *See id.* at 191–93.

For the foregoing reasons, the petition for review is DISMISSED for lack of jurisdiction. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4