United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 3, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60486
Summary Calendar

POALA MILAND LENIS-GUZMAN,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A76 312 711
--------------------

Before DUHÉ, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[1]

Poala Miland Lenis-Guzman requests review of the May 16, 2003,
denial by the Board of Immigration Appeals (BIA) of her motion to
reopen based upon changed conditions in Colombia.  She argues that
there was substantial evidence before the Immigration Judge (IJ) to
support a finding that she suffered past persecution and had a
well-founded fear of future persecution by a guerrilla group in
Colombia based upon her membership in a particular social group,
namely the group of upper middle-class Colombians who have been

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

bribed and threatened by guerilla groups because of their socioeconomic status. She argues that, when she filed her application for asylum, the State Department had taken the view that guerilla groups in Colombia were fragmented with little organized cooperation. She states that, by 2003, when she filed her motion to reopen, the State Department reported the breakdown of the peace process between the Colombian government and the guerrillas. She asserts that, based upon this new evidence, the BIA erred in denying her motion to reopen.

Because Lenis did not file a petition for review within 30 days of the BIA's December 11, 2002, final order, denying her applications for asylum and withholding of removal, we do not have jurisdiction to review that order. See Karimian-Kaklaki v. INS, 997 F.2d 108, 111 (5th Cir. 1993).

Lenis' motion to reopen and the attached document from the State Department did not demonstrate a particularized connection between the feared persecution and her race, religion, nationality, membership in a particular social group, or political opinion. See Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994). This was an explicit basis for the IJ's decision, denying her application for asylum. As she failed to address one of the grounds by the IJ for denying her asylum application, she did not show that her case warranted reopening. Accordingly, Lenis has not shown that the BIA abused its discretion in denying her motion to reopen. See INS v.

2

<u>Doherty</u>, 502 U.S. 314, 322 (1992); <u>see</u> <u>also</u> 8 C.F.R. § 1003.2(a).

Her petition for review is therefore DENIED.