United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60750
Summary Calendar

CHUN MING CHIANG, also known as Chun Ming Jiang,

Petitioner,

versus

JOHN ASHCROFT, U S ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77 753 412
--------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

Chun Ming Chiang ("Chiang") petitions this court for review
of the Board of Immigration Appeals' ("BIA") decision denying his
motion for reconsideration of the BIA's dismissal of his appeal
from the Immigration Judge's ("IJ") denial of his motion to
reopen removal proceedings held *in absentia*. Chiang filed his
petition for review within 30 days of the BIA's final order
denying his motion to reconsider. However, Chiang did not file a
petition for review within 30 days after the BIA dismissed his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

appeal. Thus, this court has no jurisdiction to review that decision. See 8 U.S.C. § 1252(a)(1), (b)(1) (2000); Karimian-Kaklaki v. INS, 997 F.2d 108, 111 (5th Cir. 1993).

Chiang challenges the BIA's finding that he received oral notice of the removal hearing. In ruling on the reconsideration motion, the BIA stated that even assuming that Chiang did not have oral notice, his failure to appear was the result of his own inaction, not that of his attorney. Thus, the BIA did not abuse its discretion in denying reconsideration of whether Chiang received oral notice.

Chiang also challenges the BIA's finding that Chiang could go to attorney Tung Lam's office to file a change-of-venue motion upon his release from custody. Whether Chiang had or was refused Lam's address was not a factor in the BIA's decision to deny reconsideration. The BIA determined that because Chiang knew in April 2001 that Lam had abandoned him and because Chiang did not file a change of address with the IJ, Chiang should have contacted the IJ for information about his hearing. Thus, the BIA concluded that Chiang's failure to appear at the removal hearing was not the result of exceptional circumstances out of Chiang's control. The BIA did not abuse its discretion in denying reconsideration of whether Chiang had Lam's office address.

Citing Ogbemudia v. INS, 988 F.2d 595 (5th Cir. 1993), Chiang asserts that in determining that he should have inquired

independently regarding the hearing date after his April 2001 phone conversation with Lam's office, the BIA should have considered that Chiang had not been educated in the United States, was illiterate in English, had no knowledge of removal proceedings, had only an elementary education in China, had only been in the United States for four months, had no relatives in the United States to give any help, and did not know the sponsor for his release from detention which Lam had provided. Although these may be factors the BIA could have considered in determining whether Chiang should have inquired independently about his hearing date, Ogbemudia does not establish factors which the BIA was required to consider. Accordingly, Chiang has shown no legal error.

Chiang also asserts that he filed an asylum application with his motion to reopen, and the BIA has "completely ignored" this application. This assertion is spurious. Chiang attached his asylum application to his motion to reopen, and the IJ notified Chiang that his asylum motion had not been filed properly.

Chiang has failed to show that the BIA abused its discretion by denying his motion to reconsider. See Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000). Accordingly, the petition for review is DENIED.