United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 1, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60684
Summary Calendar
_____

ALEMSEGHED GHIRMAI SHIFERAW,

Petitioner,

versus

JOHN ASHCROFT, U. S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A76 942 538)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Petitioner Alemseghed Ghirmai Shiferaw seeks review of the
July 24, 2003, decision rendered by the Board of Immigration
Appeals ("BIA"). The BIA denied Shiferaw's motion for
reconsideration of its decision denying his earlier motion to
reopen his removal proceedings. He asserts that the immigration
judge ("IJ") erred in denying his application for asylum,
withholding of deportation, and protection under the Convention
Against Torture. He also contends that the BIA erred in affirming
the IJ's decision without opinion and in denying his motion to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reopen.  As Shiferaw did not file a petition for review within 30 days of the BIA's orders affirming the IJ's decision and denying his motion to reopen, we do not have jurisdiction to review those orders.  See Karimian-Kaklaki v. I.N.S., 997 F.2d 108, 111 (5th Cir. 1993).

As Shiferaw filed a petition for review within 30 days of the BIA's July 24, 2003, order denying his motion for reconsideration, however, we have jurisdiction to review that order.  See id.  The record supports the BIA's determination that Shiferaw, in his reconsideration motion, failed to point to any legal or factual error by the BIA in denying his motion to reopen.  As a result, Shiferaw has not shown that the BIA abused its discretion in denying his reconsideration motion on the grounds that he had failed to make such a showing.  See 8 C.F.R. § 1003.2(b)(2). Accordingly, Shiferaw's petition for review is

DENIED.