United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-60604
Summary Calendar

———————————————

PATRICIA BRIGIDA DIAZ; SERGIO GERMAN DELGADO DIAZ;
DIEGO FERNANDO DELGADO DIAZ,

Petitioners,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A79 477 815)
(BIA No. A79 477 816)
(BIA No. A79 477 817)
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Petitioner Patricia Brigida Diaz and her two minor sons,
Sergio German Delgado Diaz and Diego Fernando Delgado Diaz
(collectively, the Diazes), petition this court for review of the
Board of Immigration Appeals' ("BIA") decision denying their motion
for reconsideration of the BIA's dismissal of their appeal from the
Immigration Judge's ("IJ") denial of their applications for asylum,
withholding of removal, and relief under the Convention Against

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Torture. The Diazes filed their petition for review within 30 days after the BIA's final order denying their motion to reconsider. The Diazes did not, however, file a petition for review within 30 days after the BIA originally dismissed their appeal. As the requirement of a timely filed petition for review is jurisdictional, we have no jurisdiction to review that earlier decision. See 8 U.S.C. § 1252(a)(1), (b)(1) (2000); Karimian-Kaklaki v. INS, 997 F.2d 108, 111 (5th Cir. 1993).

Rather than address the BIA's denial of reconsideration of its earlier affirmance of the IJ's ruling, the Diazes assert that the IJ's credibility determinations were clearly erroneous and that the evidence clearly showed a well-founded fear of future persecution based on membership in a social group. Their failure to brief or argue this alleged error constitutes waiver. See Rodriquez v. INS, 9 F.3d 408, 414 n.15 (5th Cir. 1993)("grounds for reversal not set forth in a petitioner's (or appellant's) opening brief in this Court are normally waived"). As the Diazes' motion for reconsideration failed to identify any change in the law, misapplication of the law, or aspect of the case that the BIA overlooked, they cannot prevail. See Zhao v. Gonzales, 404 F.3d 295, 301 (5th Cir. 2005).

Even if the Diazes' motion is interpreted as arguing that the BIA's denial of reconsideration was legally or factually erroneous, however, they have not shown an abuse of discretion. See Lara v. Trominski, 216 F.3d 487, 497 (5th Cir. 2000); Osuchukwu v. INS, 744

2

F.2d 1136, 1141-42 (5th Cir. 1984).  The decisions of the BIA and the IJ rested on credibility determinations, and the Diazes have failed to show that the record compels a conclusion that the credibility determinations at issue must be overturned.  <u>See</u> <u>Chun v. INS</u>, 40 F.3d 76, 78 (5th Cir. 1994).

The Diazes' petition for review is therefore DENIED, as is their motion for stay of deportation.