United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-60108
Summary Calendar

ELVIA GATICA JIMENEZ,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order
of the Board of Immigration Appeals
(A95 297 463)

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Elvia Gatica Jimenez petitions for review of a 9 September 2004 Board of Immigration Appeals order denying her motion for reconsideration of the BIA's 9 June 2004 decision. The latter dismissed Gatica's appeal of the Immigration Judge's order of removal. Pursuant to 8 U.S.C. § 1229b(b), Gatica had filed an application for cancellation of removal, which the IJ determined Gatica withdrew. After the BIA dismissed Gatica's appeal of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

IJ's order, it concluded her motion for reconsideration was untimely filed. Gatica has *not* filed a petition with this court for review of the BIA's 9 June 2004 decision.

Gatica reiterates the contention, made in her appeal of the IJ's order, that her application for cancellation of removal was withdrawn by her attorney without her knowing consent. She does not address the BIA's conclusion, in its 9 September 2004 order, that her motion for reconsideration was untimely.

An alien may seek review of a final order of removal by filing a petition for review with this court within 30 days of the date of the final order. *See* 8 U.S.C. §§ 1252(a)(1), (b)(1) (2000). A timely petition for review is a jurisdictional requirement; accordingly, the lack of a timely petition deprives this court of jurisdiction to review a BIA decision. ***Karimian-Kaklaki v. INS***, 997 F.2d 108, 111 (5th Cir. 1993). The BIA's denial of an appeal and its denial of a motion to reconsider are two separate final orders, each of which requires its own petition for review. ***Stone v. INS***, 514 U.S. 386, 394 (1995).

As noted, Gatica failed to file a petition for review of the BIA's 9 June 2004 decision dismissing her appeal of the IJ's order of removal; therefore, we lack jurisdiction to consider Gatica's contention that she did not voluntarily withdraw her application for cancellation of removal. *See* ***Karimian-Kaklaki***, 997 F.2d at 111.

We have jurisdiction to consider only the propriety of the BIA's 9 September 2004 order denying Gatica's motion for reconsideration of the 9 June 2004 decision. As noted, Gatica addresses neither that motion nor the basis upon which the BIA denied it; this has the same effect as if Gatica had not challenged the BIA's decision. *See* ***Soadjede v. Ashcroft***, 324 F.3d 830, 833 (5th Cir. 2003); ***Brinkmann v. Dallas County Deputy Sheriff Abner***, 813 F.2d 744, 748 (5th Cir. 1987).

***DENIED***