United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 18, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60300
Summary Calendar

FIDELIA YORLENI VALIENTE-MAZARIEGO,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96 182 907
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Fidelia Yorleni Valiente-Mazariego (Valiente) petitions for review of the Board of Immigration Appeals' (BIA) July 2, 2004, order affirming the Immigration Judge's denial of reconsideration of the decision finding her removable, as well as the BIA's November 18, 2004, order denying her motion to reopen. Because the petition for review is timely only as to the November 18, 2004, order, we have jurisdiction over that order only. See Stone v. INS, 514 U.S. 386, 394 (1995); Karimian-Kaklaki v. INS, 997 F.2d 108, 111 (5th Cir. 1993); 8 U.S.C. § 1252(a)(1), (b)(1).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Valiente has not demonstrated that the BIA abused its discretion in denying the motion to reopen. Ogbemudia v. INS, 988 F.2d 595, 600 (5th Cir. 1993). She argues that counsel was ineffective in failing to appear on her behalf in Texas and in failing to obtain a change of venue. Valiente asserts that she was prejudiced by counsel's ineffectiveness because she would have requested asylum had he attended or had her case been transferred to California, conclusionally stating that she fears for her life if she returns to her native country of Guatemala.

Valiente has not made any argument that she suffered past persecution or has a well-founded fear of future persecution based on any statutorily protected ground so as to be eligible for asylum. See 8 U.S.C. § 1101(a)(42)(A); Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 349 (5th Cir. 2002). Because she has not shown statutory entitlement to asylum and because she has conceded removability, she cannot show that counsel's alleged ineffectiveness affected the outcome of her case. See Miranda-Lores v. INS, 17 F.3d 84, 85 (5th Cir. 1994). Accordingly, the petition for review is DENIED.