United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 16, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60576
Summary Calendar

JOSE CONSTANTINO GUZMAN VELAZQUEZ,

Petitioner,

versus

ALBERTO R. GONZALES,
U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
USDC No. A26 897 715

Before KING, GARWOOD and SMITH, Circuit Judges.

PER CURIAM:[*]

Jose Constantino Guzman Velazquez, a citizen of El Salvador,

petitions for review of the Board of Immigrations Appeals' ("BIA")

decision summarily affirming the Immigration Judge's order of

removal and denial of applications for asylum and withholding of

deportation and relief under the Convention Against Torture.

An alien must file his petition for review "not later than 30

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). The 30-day filing deadline is jurisdictional. *Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003).

The 30-day filing deadline began to run in the instant case on Monday, May 23, 2005, when the BIA issued its decision and wrote a letter to Velazquez's counsel at his address of record transmitting to him a copy of the decision. The deadline expired on Wednesday, June 22, 2005. *See Karimian-Kaklaki v. I.N.S.*, 997 F.2d 108, 110-11 (5th Cir. 1993). Velazquez's petition for review, received and filed on June 23, 2005, was one day late.[**] Because the petition for review was untimely, this court lacks jurisdiction. *See Karimian-Kaklaki*, 997 F.2d at 111-13; *Guirguis v. I.N.S.*, 993 F.2d 508, 509-10 (5th Cir. 1993); *see also Navarro-Miranda*, 330 F.3d at 676.

DISMISSED FOR LACK OF JURISDICTION.

---

[**] The certificate of service on the petition for review reflects that it was mailed June 22, 2005. The date of this court's receipt of the petition for review, not the date of its mailing, controls. *See, e.g., Navarro-Miranda*, 330 F.3d at 676. Petitioner, requested by this court to address whether the petition for review was timely filed, admits that it was one day late, and, although he requests that "this Court will nevertheless accept its filing of his petition," he suggests no legal (or factual) grounds for doing so.

2