United States Court of Appeals
Fifth Circuit

**F I L E D**

July 25, 2007

Charles R. Fulbruge III
Clerk

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

No. 06-60933
Summary Calendar

---

LAIZA MUZAMHINDO

Petitioner

v.

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL

Respondent

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96 285 551

---

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Petitioner Laiza Muzamhindo, a native and citizen of Zimbabwe, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal and denying her motion to reopen removal proceedings. Respondent argues that the petition for review is timely only as to the denial of Muzamhindo's motion to reopen. As Muzamhindo's petition for review was not filed within 30 days of the BIA's dismissal of her appeal, her petition for review as to that ruling must be dismissed.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

See 8 U.S.C. § 1252(b)(1); Karimian-Kaklaki v. I.N.S., 997 F.2d 108, 111 (5th Cir. 1993); Bowles v. Russell, 127 S. Ct. 2360, 2366 (2007).

Muzamhindo's petition for review is timely, however, as to the BIA's denial of her motion to reopen. Muzamhindo argues that, at issue is not whether her applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) were supported by sufficient evidence, but rather whether the BIA consistently applied its policies. She contends that her son's successful application for relief in a separate proceeding, which was based "almost entirely" on her persecution, is evidence that the BIA's rejection of her application for relief lacked a "principled reason," and thus represented an arbitrary departure from established agency policy.

Contrary to Muzamhindo's assertions, her motion to reopen challenged only the BIA's denial of her application for asylum. As such, her claims of error in the denial of her motion to reopen the proceedings as to her applications for withholding of removal and relief under the CAT are unexhausted. See Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001). Although an exception to the exhaustion requirement exists for due process violations, Muzamhindo makes no such argument. See Roy v. Ashcroft, 389 F.3d 132, 137 (5th Cir. 2004). We thus lack jurisdiction to address these claims. See Wang, 260 F.3d at 452.

As for her asylum claim, Muzamhindo has not made a prima facie showing that she suffered past persecution or that she has a well-founded fear of future persecution such that she would be entitled to asylum at a reopened hearing. See Guevara Flores v. I.N.S., 786 F.2d 1242, 1247 (5th Cir. 1986); I.N.S. v. Doherty, 502 U.S. 314, 323 (1992); 8 C.F.R. § 208.13 (b). Muzamhindo's motion to reopen asked the BIA to overlook its own adverse credibility and evidentiary determinations in favor of an immigration judge's credibility and evidentiary determinations from a separate proceeding involving a different petition. The BIA's denial of the motion to reopen was not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary, rather than the result of any perceptible rational approach. See Singh v.

Gonzales, 436 F.3d 484, 487 (5th Cir. 2006).  Accordingly, the petition for review is also denied in part.

PETITION FOR REVIEW DISMISSED IN PART, DENIED IN PART.