# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 18, 2008

Charles R. Fulbruge III
Clerk

No. 07-60141
Summary Calendar

ZABED RASHID

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 011 687

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Zabed Rashid, a native and citizen of Bangladesh, petitions this court to review the Board of Immigration's (BIA) order denying his motion to reopen and remand the proceedings to the Immigration Judge (IJ) to allow him to seek an adjustment of status. Rashid argues that the IJ should have granted him a continuance because his petition for labor certification was filed prior to April 30, 2001, and his prima facie approvable visa petition had been filed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rashid did not file a timely petition for review from the BIA's May 2, 2006, order affirming the IJ's decision to deny his motion for continuance pending the adjudication of his labor certificate petition. Thus, this court lacks jurisdiction to review that ruling. See Karimian-Kaklaki v. INS, 997 F.2d 108, 111 (5th Cir. 1993).

Rashid did file a timely petition for review of the BIA's order denying his motion to reopen the proceedings. This court reviews the denial of a motion to reopen under the abuse-of-discretion standard. See Zhao v. Gonzales, 404 F.3d 295, 303.

In order to be eligible for an adjustment in status, Rashid must show that an immigrant visa is immediately available to him at the time the petition for adjustment is filed. 8 U.S.C. § 1255(i)(2). Even if the visa petition is approved, it can only be obtained if a visa number is available and assigned to the petitioner. 8 C.F.R. §§ 204.5(n), 245.1(g). However, visa numbers for employment-based petitions, such as Rashid's, whose priority date is February 23, 2006, are only current through January 1, 2005. Thus, Rashid has not shown that a visa is immediately available to him.

Rashid has not presented any other arguments showing that he was entitled to an indefinite continuance of the removal proceedings. The mere fact that he had a labor certification application pending before April 30, 2001 was not, standing alone, a sufficient basis for a continuance. See Ali v. Gonzales, 440 F.3d 678, 680 (5th Cir. 2006). This court has upheld an IJ's denial of a continuance despite the fact that the alien had a timely labor certification petition pending. See Ahmed v. Gonzales, 447 F.3d 433, 437-38 (5th Cir. 2006).

Rashid's reliance on the holding in Matter of Verlade, 23 I&N Dec. 253, 256 (BIA 2002) is misplaced because it involved a petition for adjustment based on a marriage that occurred during removal proceedings. Verlade has no application to employment-based petitions.

Rashid did not seek relief as a beneficiary of his wife's adjusted status in his motion to reopen presented to the BIA. Because this court's review is limited to the administrative record, it may not consider granting relief on that basis. Miranda-Lores v. INS, 17 F.3d 84, 85 (5th Cir. 1994).

Rashid asserts that the BIA's failure to adjudicate his motion in a timely fashion constitutes an egregious due process violation. The "discretionary relief from removal, including an application for an adjustment. [or a motion for continuance to seek an adjustment] is not a liberty or property right that requires due process protection." Ahmed, 447 F.3d at 440. This claim is without merit.

Rashid did not address the BIA's denial of his supplemental motion to reopen in his brief. Thus, he has abandoned the issues raised therein. See Rodriguez v. INS, 9 F.3d 408, 414 n.15 (5th Cir. 1993).

Rashid's petition for review is DENIED. His motion for remand filed with this court is also DENIED.