IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-60944
Summary Calendar

MERCEDES ROSA HINCAPIE-RAMIREZ; FEDERMAN ELIAS CASTILLA-REVOLLO; ADALUZ A CASTILLA-HINCAPIE; DINALUZ ESTEFANY CASTILLA-HINCAPIE; LUZ ANGELICA CASTILLA-HINCAPIE

Petitioners

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98 545 712
BIA No. A98 545 713
BIA No. A98 545 714
BIA No. A98 545 715
BIA No. A98 545 716

Before SMITH, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Mercedes Rosa Hincapie-Ramirez, Federman Elias Castilla-Revollo, Adaluz A. Castilla-Hincapie, Dinaluz Estefany Castilla-Hincapie, and Luz Angelica Castilla-Hincapie, natives and citizens of Colombia, petition this court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for review of an order of the Board of Immigration Appeals (BIA) denying their untimely motion to reopen their removal proceedings. The petitioners argue that they submitted sufficient evidence to the BIA to demonstrate a change in country conditions in Colombia. They thus contend that the BIA abused its discretion in denying their motion to reopen.

In reviewing the BIA's denial of a motion to reopen, this court applies a highly deferential abuse of discretion standard, regardless of the basis of the alien's request for relief. Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000). This court will affirm the BIA's decision as long as it is not capricious, without foundation in the evidence, "or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." Singh v. Gonzales, 436 F.3d 484, 487 (5th Cir. 2006).

The evidence that the petitioners submitted in support of their motion to reopen does not demonstrate that conditions in Colombia have changed for purposes of 8 C.F.R. § 1003.2(c)(3)(ii). Accordingly, the BIA did not abuse its discretion in denying their motion to reopen. See Lara, 216 F.3d at 496. To the extent, the petitioners challenge the BIA's July 24, 2006, decision affirming the immigration judge's denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture Act, this court lacks jurisdiction. See Stone v. INS, 514 U.S. 386, 394-95 (1995); Karimian-Kaklaki v. INS, 997 F.2d 108, 111 (5th Cir. 1993).

PETITION FOR REVIEW DENIED.