IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-60355
Summary Calendar

MODUPE OMONIGO IYOHA

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 093 515

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:*

Modupe Omonigo Iyoha, a native and citizen of Nigeria, petitions this court for review of the Board of Immigration Appeals' (BIA) order denying her motion to reopen removal proceedings. In the removal proceedings, the immigration judge (IJ) and the BIA had rejected Iyoha's request for withholding of removal under the Convention Against Torture (CAT) based upon Iyoha's allegation that she would be subjected to female genital mutilation (FGM) if she was removed to Nigeria.

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Iyoha argues that the BIA abused its discretion by ruling that the evidence she submitted with her otherwise untimely motion to reopen did not establish changed country conditions. She maintains that the evidence she submitted showed four circumstances that had changed: (1) that her opposition to FGM had been published in an internationally distributed article that would motivate her family and community to aggressively seek to require her to submit to FGM; (2) that FGM practices were driven underground in countries such as Nigeria that had passed anti-FGM legislation; (3) that centers where FGM procedures were performed had been opened in Nigeria to conceal FGM activity in response to anti-FGM legislation; and (4) that recent trends showed that women in older age groups, as Iyoha currently is, were more likely to be subject to FGM.

An alien is not bound by the time limitation for filing a motion to reopen if her request for withholding of removal "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). The evidence submitted by Iyoha, however, did not show that conditions had changed in Nigeria to her detriment following the BIA's initial rejection of her request for withholding of removal under the CAT.

While Iyoha submitted an article from Tehran Magazine in which her story and her opposition to FGM were featured, Iyoha did not submit evidence that this magazine was circulated in Nigeria or that the publication of this article changed conditions in Nigeria. Iyoha also submitted a report from the World Health Organization (WHO) that indicated that one consequence of anti-FGM legislation was to drive the practice of FGM underground. The same report, however, indicated that the rate of FGM had not significantly increased in the past decade. The report also stated that two surveys showed that women aged 15-19 were less likely to have been subjected to FGM than women in older

age groups. Contrary to Iyoha's argument, however, this statement appears to indicate that the practice of FGM had been decreasing and that the women in older age groups had been subjected to FGM when they were younger, not that FGM was beginning to be practiced on older women. Iyoha also submitted a Nigerian media article noting the existence of centers for performing FGM in her home state of Edo that had been developed after Edo passed a law banning FGM. The article, however, also reported that Edo police had raided these centers and arrested three persons suspected of involvement in performing FGM, showing that Edo authorities were enforcing the ban on FGM.

The evidence submitted by Iyoha, if it showed changed country circumstances in any manner, showed that conditions had improved. Accordingly, Iyoha has not shown that the BIA abused its discretion by determining that she had not established changed country conditions and that her motion to reopen was, therefore, untimely. See Panjwani v. Gonzales, 401 F.3d 626, 632-33 (5th Cir. 2005).

Iyoha challenges the adverse credibility findings in the initial denial of her request for withholding of removal under the CAT. She further contends that her testimony, combined with the other evidence in the record, shows that she is entitled to withholding of removal under the CAT.

The petition for review was not timely filed within 30 days of the BIA's original denial of Iyoha's request for withholding of removal under the CAT. Accordingly, we must dismiss this portion of the petition for review for lack of jurisdiction. See Karimian-Kaklaki v. INS, 997 F.2d 108, 111-13 (5th Cir. 1993).

PETITION FOR REVIEW DENIED IN PART, DISMISSED IN PART.