IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2018

Lyle W. Cayce
Clerk

No. 17-60613
Summary Calendar

CARLOS ERNESTO CONTRERAS-MARTINEZ,

> Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

> Respondent

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206-798-279

---

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Carlos Ernesto Contreras-Martinez, a citizen of Honduras, challenges the denial of his applications for asylum, withholding of removal, and Convention Against Torture (CAT) relief. The immigration judge held that the record contained insufficient evidence to establish that the threats Contreras-Martinez received were actually motivated by his religion or his status as a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60613

missionary.  The Board of Immigration Appeals affirmed the denial of all three applications, concluding that there was no clear error in the judge's findings. On appeal, Contreras-Martinez argues that relief is warranted due to membership in a particular social group (namely, "young, male, Christian missionaries"), religious persecution, and attempted gang recruitment.

But Contreras-Martinez's petition is untimely.  Petitions for review of BIA orders "must be filed not later than 30 days after the date of the final order of removal."   8 U.S.C. § 1252(b)(1).   The deadline is mandatory and jurisdictional.  *Stone v. INS*, 514 U.S. 386, 405 (1995); *Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003).  We have construed section 1252 to place an affirmative duty on the BIA to serve the petitioner with a copy of its decision.  *Ouedraogo v. INS*, 864 F.2d 376, 378 (5th Cir. 1989).  The 30-day clock therefore begins to run once the "BIA complies with the terms of federal regulations by mailing its decision to petitioner's address of record."  *Id.*

When the record contains a dated transmittal letter sending the BIA decision to the immigrant, that date will generally start the appellate clock. *Karimian-Kalaki v. INS*, 997 F.2d 108, 111 (5th Cir. 1993); *see also Ibrik v. INS*, 108 F.3d 596, 597 (5th Cir. 1997) (per curiam) (using the existence of a transmittal letter as evidence of when the BIA opinion was entered).  If there is no transmittal letter and the petitioner claims to have not received notice of the decision, then we may find a petition filed more than 30 days from when the decision was released to be timely.  *Ouedraogo*, 864 F.2d at 378.  Likewise, the petitioner may present evidence that the transmittal letter was not actually mailed on the day it was dated, which could potentially prevent the clock from beginning to run.  *Karimian-Kalaki*, 997 F.2d at 111.  But simply raising "unsupported, general" assertions will not be enough to negate "objective evidence of the transmittal letter included in the record on appeal."

2

*Id.* This is particularly the case if the petitioner does not dispute having received notice. *Id.*

The BIA decision denying relief to Contreras-Martinez is dated August 8, 2017. The record contains two transmittal letters, one addressed to Contreras-Martinez and one addressed to his counsel. Both are also dated August 8, 2017. Contreras-Martinez has not argued that he did not receive these letters. In fact, both he and the Attorney General erroneously assert that the petition for review was timely.

The appeals period therefore started to run on the date of the BIA decision, August 8, 2017. Contreras-Martinez's petition for review was due 30 days later, on September 7. *See* § 1252(b)(1). This court did not receive the petition until September 8. Although Contreras-Martinez missed the deadline by just one day, we strictly enforce the jurisdictional 30-day requirement. *See Navarro-Miranda*, 330 F.3d at 676; *Guirgas v. INS*, 993 F.2d 508, 509–10 (5th Cir. 1993) (dismissing case because petition was filed one day late). We therefore lack jurisdiction to hear Contreras-Martinez's appeal.

\* \* \*

The petition for review is DISMISSED for lack of jurisdiction.