# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 7, 2020

Lyle W. Cayce
Clerk

No. 19-60742

Oscar Omar Canales-Berrios,

*Petitioner*,

*versus*

William P. Barr, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A098 935 658

Before Wiener, Costa, and Willett, *Circuit Judges*.

Per Curiam:*

Petitioner Oscar Omar Canales-Berrios unlawfully entered the United States and was served with a Notice to Appear that did not include the date or time of his hearing. It did include, however, the requirement that Canales-Berrios provide his address to immigration authorities. It warned that if he did not provide his address, the government was not obligated to notify him

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

of his hearing—at which he could be ordered removed, whether or not he appeared. Canales-Berrios never provided his address. He now asks us to reverse the Board of Immigration Appeals for reinstating his in absentia order of removal. Under our precedents, Canales-Berrios can receive no relief. We affirm.

I

A

On September 20, 2005, Canales-Berrios, a native and citizen of El Salvador, entered the United States without having been duly admitted or paroled. The next day, he was served in person with a Form I-862 (a Notice to Appear) charging him with removability under the Immigration and Nationality Act. The NTA stated that Canales-Berrios was ordered to appear before an immigration judge in San Antonio, Texas, "on a date to be set," "at a time to be set." It informed Canales-Berrios that he was "required to provide" the immigration authorities, "in writing, with [his] full mailing address and telephone number" and to "notify the Immigration Court immediately" of any changes. If Canales-Berrios did not submit a change of address "or otherwise provide an address," the NTA warned, the government would "not be required to provide [him] with written notice of [his] hearing." The NTA further warned that if Canales-Berrios did not appear at his hearing, the IJ could order him to be removed in his absence.

Canales-Berrios concedes that he "did not provide an address" for service. His removal hearing was set for November 29, 2005, and the government did not give Canales-Berrios notice of the hearing. Canales-Berrios did not appear at the hearing. The IJ concluded that Canales-Berrios did not receive notice of the hearing because he "failed to provide the court with his[] address as required" under the statute, "after having been advised

No. 19-60742

of that requirement in the Notice to Appear." The IJ ordered Canales-Berrios removed in absentia.

In April 2013, Canales-Berrios was in a minor car accident in Greensboro, North Carolina. Law enforcement took him into custody upon learning of the outstanding removal order. He was never criminally charged. He sought, and obtained, stays of removal in April 2013, April 2014, and April 2015. He applied a fourth time in October 2017, but, in November 2017, his request was denied.

B

On June 21, 2018, the Supreme Court decided *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). Pereira, a noncitizen who entered the country in 2000, applied for cancellation of removal, a form of relief available to noncitizens who have been continuously present in the United States for ten years, among other requirements. *Id.* at 2112. In *Pereira*, the Court addressed the "stop-time rule," which ends the period of continuous presence when the noncitizen is served an NTA. *Id.* at 2109. Pereira was served an NTA in 2006 that did not indicate the time or date of his removal hearing—in fact, he never received any notice of the time or date because the immigration court mailed a second notice to the wrong address. *Id.* at 2112. He was removed in absentia in 2007. *Id.* He was arrested in 2013, at which point he applied for cancellation of removal. *Id.* The government argued that his continuous presence ended in 2006, when he was served the NTA. *Id.* But the statute's text and context, and common sense, led the Court to disagree: The Court held "that a notice that does not specify when and where to appear for a removal proceeding is not a 'notice to appear' that triggers the stop-time rule." *Id.* at 2115.

On July 20, 2018, Canales-Berrios, through counsel, moved to reopen his removal hearing and rescind the removal order. He argued that under

3

*Pereira*, his NTA was defective because it did not include the date and time of his removal hearing. His deficient NTA, Canales-Berrios contended, meant two things: (1) the IJ never had jurisdiction to order him removed, and (2) he qualified for cancellation of removal because, under *Pereira*, he had accrued ten years of continuous presence in the United States. Accordingly, Canales-Berrios also sought cancellation of removal in connection with his motion to reopen.

The IJ agreed with Canales-Berrios. On August 18, 2018, the IJ issued an order finding that the immigration court never had jurisdiction because the NTA was defective under *Pereira* for lack of date and time. The IJ reopened the removal proceedings, rescinded the removal order, and ordered Canales-Berrios's removal proceedings terminated.

The government appealed to the Board of Immigration Appeals, and the Board reversed the IJ. The Board explained that the IJ "did not have the benefit" of its recent decision, *Matter of Miranda-Cordiero*, which held that rescinding an in absentia removal order or terminating proceedings was not necessary if the noncitizen "failed to provide an address where a notice of hearing could be sent," regardless of any NTA defects. *See Matter of Miranda-Cordiero*, 27 I. & N. Dec. 551 (BIA 2019). The Board found that Canales-Berrios "did not provide an address where notice of the time and place of the hearing could be sent." Therefore, the Board vacated the IJ's order to reopen the proceedings, rescind the removal order, and terminate the proceedings. The Board reinstated the 2005 removal order.

The Board's decision was dated August 12, 2019. Canales-Berrios filed a petition for review in this court on October 3, 2019.

No. 19-60742

II

A

As a preliminary matter, we lack jurisdiction if Canales-Berrios did not file his petition to review the Board's order within 30 days. 8 U.S.C. § 1252(b)(1); *Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003). More than 30 days elapsed between August 12, 2019, and October 3, 2019. Therefore, the government argues, we lack jurisdiction. In support of this argument, the government points to the letters of notice from the clerk's office, stating that a copy of the Board's decision was enclosed, dated August 12, 2019.

Canales-Berrios asserts, however, that he never received notice of the Board's order. In his affidavit, dated September 17, 2019, Canales-Berrios stated that he first received the Board's order on September 16, 2019, when his counsel emailed it to him. He further stated that his wife checks the mail daily and contacts him immediately if he receives anything immigration related, and that she "never called [him] about the BIA decision because we never received it." Canales-Berrios's counsel asserted that neither he, nor any other attorney or employee of the law firm, was ever served a copy of the order. Counsel stated that he became aware of the order on September 16, 2019, following a May 6, 2019, Freedom of Information Act request for Canales-Berrios's entire immigration record. Therefore, Canales-Berrios argues that less than 30 days elapsed between when he received the order (September 16, 2019) and when he filed his petition (October 3, 2019).

"[T]he time for filing a review petition begins to run when the BIA complies with the terms of federal regulations by mailing its decision to petitioner's address of record." *Ouedraogo v. INS*, 864 F.2d 376, 378 (5th Cir. 1989); *accord Contreras-Martinez v. Sessions*, 740 F. App'x 74, 75 (5th Cir. 2018) (the dated transmittal letter "will generally start the appellate clock"

No. 19-60742

(citing *Karimian-Kaklaki v. INS*, 997 F.2d 108, 111 (5th Cir. 1993))). We found a petition was timely, however, when the noncitizen claimed he did not receive notice of the Board's decision and the record contained no evidence of the Board's transmittal letter. *See Ouedraogo*, 864 F.2d at 378; *accord Contreras-Martinez*, 740 F. App'x at 75. In another case, we explained that a petition may be timely when the noncitizen presents evidence that the transmittal letter was not actually mailed on the day it was dated. *See Karimian-Kaklaki*, 997 F.2d at 111; *accord Contreras-Martinez*, 740 F. App'x at 75. The noncitizen must provide more than "'unsupported, general' assertions" "to negate 'objective evidence of the transmittal letter included in the record on appeal.'" *Contreras-Martinez*, 740 F. App'x at 75 (quoting *Karimian-Kaklaki*, 997 F.2d at 111).

We apply a "mailbox rule"—a presumption that a document was received if it was mailed—to settle "disputes over mail receipt in many contexts," *Faciane v. Sun Life Assurance Co. of Canada*, 931 F.3d 412, 421 n.9 (5th Cir. 2019). The contexts include criminal cases, civil cases, and immigration cases. *Id.* Immigration statutes and regulations provide a specific iteration of the mailbox rule to govern service of hearing notices. *Id.* (citing *Navarrete-Lopez v. Barr*, 919 F.3d 951, 954–55 (5th Cir. 2019); *Hernandez v. Lynch*, 825 F.3d 266, 269–70 (5th Cir. 2016)). We have described the rule for immigration hearing notices as "fact-specific, flexible, and multi-factorial." *Navarrete-Lopez*, 919 F.3d at 955.

Here, the dispute over mailing is in the immigration context, but it is about receipt of a Board order—not receipt of a hearing notice. We need not decide whether the same standard applies, however. We conclude that under any iteration of the mailbox rule, Canales-Berrios has introduced evidence that overcomes the presumption of receipt. *See Hernandez*, 825 F.3d at 271 (when a noncitizen "hir[es] an attorney to file a FOIA request so as to learn about his immigration status," that "provides circumstantial evidence" of

6

non-receipt); *Navarrete-Lopez*, 919 F.3d at 955 (self-serving affidavits can be "competent, standalone evidence to support a claim that notice was never received" when there are no evidentiary or credibility issues); *see also id.* (considering whether the noncitizen appeared to have been diligent or, rather, attempted to avoid proceedings).

The government fails to refute this evidence by pointing only to the transmittal letter date. *Compare Duron v. Albertson's LLC*, 560 F.3d 288, 291 (5th Cir. 2009) (defendant failed to refute plaintiff's sworn affidavit of non-receipt and records of seeking status updates from the agency, by providing only "a copy of the EEOC notice of right to sue with '10/4/04' written in the 'Date Mailed' field"), *with United States v. Ekong*, 518 F.3d 285, 287 (5th Cir. 2007) (government overcame affidavit of non-receipt with "the affidavit of the legal assistant who prepared the letter and caused it to be mailed" and supporting business records (citing *Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 421 (5th Cir. 2007))).

Thus, we have jurisdiction to review the petition.

## B

On petition for review of a Board decision, we review factual findings for substantial evidence and questions of law de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).

## III

Canales-Berrios asks us to vacate the Board's order and remand for him to pursue cancellation of removal. He argues that he was entitled to notice of his hearing, despite his failure to provide his address, because the statute dictates only one consequence for a noncitizen's failure to provide an address: the government is not obligated to notify the noncitizen of any *change* to the time or place of the hearing. He argues that the government is

obliged to provide notice of the *initial* hearing, whether or not the noncitizen has provided an address. We should, he urges, reverse and overturn the Board's decisions to the contrary—this case and *Miranda-Cordiero*, respectively. The government responds that we do not permit rescission when a lack of notice, which ordinarily provides grounds for rescission, was due to the noncitizen's failure to uphold the obligation to provide contact information.

Canales-Berrios concedes that ruling in his favor would require extension, modification, or reversal of existing law in this circuit. We held in *Mauricio-Benitez v. Sessions* that a noncitizen has a "statutory obligation to keep the immigration court apprised of his current mailing address," and that "[f]ailure to receive notice of a removal hearing as a result of such an error is not grounds to reopen a removal proceeding or rescind an *in absentia* removal order." 908 F.3d 144, 148 (5th Cir. 2018). This case followed long-established circuit precedent and confirmed that *Pereira* did not affect the address obligation. *See Hernandez-Castillo v. Sessions*, 875 F.3d 199, 205 (5th Cir. 2017) ("[T]he controlling statutory requirements, of which Hernandez-Castillo had personal notice, obligated him to keep the immigration court apprised of his current contact information."); *Gomez-Palacios v. Holder*, 560 F.3d 354, 361 (5th Cir. 2009) (same).

Under the rule of orderliness we may not, sitting as "one panel of our court," "overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court." *Mercado v. Lynch*, 823 F.3d 276, 279 (5th Cir. 2016) (quoting *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008)). And *Pereira* changed nothing about the holdings of *Mauricio-Benitez*, *Hernandez-Castillo*, or *Gomez-Palacios* that address the noncitizen's obligation to provide an address. The question of the noncitizen's entitlement to notice is antecedent to the question in *Pereira*: the adequacy or deficiency of any such

notice. We must follow *Hernandez-Castillo* and *Gomez-Palacios* unless *Pereira* unequivocally overturned them, which is not the case; at best, *Pereira* is "a mere 'hint' of how the Court might rule in the future" as to a noncitizen's obligation to provide an address. *Mercado*, 823 F.3d at 279 (quoting *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013)). And *Pereira* could not possibly overturn *Mauricio-Benitez*, which did not exist until four-plus months after *Pereira*. *Compare Mauricio-Benitez*, 908 F.3d at 144 (Nov. 8, 2018), *with Pereira*, 138 S. Ct. at 2105 (June 21, 2018).

Absent any entitlement to notice, Canales-Berrios's remaining arguments cannot succeed. He says that the Board and this court have wrongly decided that a defective NTA may be cured by a subsequent hearing notice. *See Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019); *Matters of Mendoza-Hernandez & Capula-Cortes*, 27 I. & N. Dec. 520, 520 (BIA 2019). But Canales-Berrios was not entitled to *any* notice. He has no room to argue that the notice he received was subpar. And we, as a panel, cannot disturb *Pierre-Paul*. *See Mercado*, 823 F.3d at 279.

Last, Canales-Berrios asks for remand to pursue cancellation of removal. The government responds that cancellation is not before us; neither the IJ nor the Board addressed it because that "was unnecessary" after the Board reinstated the order of removal. As we have explained, noncitizens may raise a cancellation of removal defense during removal proceedings. *Mauricio-Benitez*, 908 F.3d at 148 n.1. And the removal proceedings ended when the removal order was reinstated. *See id.*

IV

We AFFIRM the Board's decision.